JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Marquis Glenn ("defendant") appeals his conviction of trafficking of drugs entered by the Cuyahoga County Court of Common Pleas after a jury found him guilty of the offense. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On February 20, 2004, the Fifth District Cleveland Vice Unit set up a "controlled buy" detail in the area of East 76th and Superior Avenue, Cleveland, Ohio. A "controlled buy" detail is an operation in which an undercover officer and a confidential informant ("CI") attempt to make purchases from suspected drug dealers. Cleveland Vice Detective David Sims ("Det. Sims") had been conducting surveillance in that area and had seen suspected drug activity at the gas station located at the corner of East 76th and Superior Avenue. Det. Sims obtained a CI for a "buy-bust."
 {¶ 3} Prior to arriving at the area of East 76th and Superior, Det. Sims patted down the CI to ensure that he did not have any money or drugs on his person and then gave him marked currency. Det. Sims and the CI then approached the area where the defendant was. Det. Sims parked his car in a location where he could watch everything that was going on near the gas station and allowed the CI to get out of the vehicle. The CI engaged in a brief conversation with the defendant. The CI gave defendant some money and received a small bag in exchange. The contents of the bag was later determined to be marijuana. The defendant entered the gas station following this transaction and exited shortly thereafter with a bag of chips. The defendant then entered a van with several other individuals in it and drove away.
 {¶ 4} After the CI returned to the vehicle, Det. Sims radioed Sergeant Frederick Mone Jr. ("Sgt. Mone") and Detective Morris Bruce Vowell ("Det. Vowell") of the "takedown" unit with a physical description of the defendant and the vehicle which he entered. Based upon this description, Sgt. Mone and Det. Vowell, as well as four other officers from the Cleveland Police Department, activated their police lights and stopped the van. Sgt. Mone found two small baggies of marijuana in the van identical to the baggie recovered from the CI. The marked currency was not recovered. Shortly thereafter, Det. Sims positively identified the defendant as the person he observed selling the marijuana to the CI.
 {¶ 5} On April 6, 2004, defendant was indicted for one count of trafficking in drugs (marijuana), in violation of R.C. 2925.03. Defendant pled not guilty and the matter proceeded to a jury trial on June 7, 2004. At trial, defendant was convicted of trafficking of marijuana and given probation.
 {¶ 6} Defendant appeals his conviction and raises three assignments of error for our review, which will be addressed out of order.
 {¶ 7} "II. Whether the trial court erred in overruling defendant's motion for disclosure of identity of the confidential informant.
 {¶ 8} In his second assignment of error, defendant argues that the trial court erred in refusing to order the State to disclose the identity of the CI. We disagree.
 {¶ 9} A trial court's decision regarding the disclosure of the identity of a CI will not be reversed absent an abuse of discretion.State v. Brown (1992), 64 Ohio St.3d 649; State v. Richard (Dec. 7, 2000), Cuyahoga App. No. 76796. An abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in mere error in judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} The factors to be considered when determining whether the identity of a CI should be disclosed are (1) whether the CI's testimony is vital to establishing an essential element of the offense charged, or (2) whether the CI's testimony is helpful or beneficial to the accused in preparing a defense. See State v. Williams (1983), 4 Ohio St.3d 74; Statev. Patterson, Cuyahoga App. No. 80409, 2003-Ohio-3100. If the CI's degree of participation is such that the CI is essentially a State's witness, the balance tilts in favor of disclosure. State v. Williams, supra at 76. However, where disclosure is not helpful to the defense, the prosecution need not reveal the CI's identity. Id. The defendant bears the burden of establishing the need for learning the CI's identity. State v.Feltner (1993), 87 Ohio App.3d 279, 281.
 {¶ 11} Here, Det. Sims testified that he searched the CI before the CI got in the car with him, gave the CI the marked currency, watched the CI meet with the defendant and observed the exchange between them, and then immediately obtained from the CI the baggie of marijuana that the CI had purchased from the defendant. Det. Vowell and Sgt. Mone testified that when they arrested the defendant two baggies of marijuana just like the baggie purchased by the CI were at the defendant's feet. This testimony was sufficient to establish all the elements of the offenses charged.
 {¶ 12} Accordingly, disclosure of the CI's identity was not necessary to establish any essential element of the offenses charged. See State v.Patterson, supra; State v. Dakdouk (Mar. 1, 2001), Cuyahoga App. No. 77701; State v. Richard, supra. Moreover, defendant failed to make any showing that disclosure of the CI's identity would be helpful in preparing his defense. Accordingly, the trial court did not abuse its discretion in not ordering the State to ordering the State to reveal the identity of the CI.
 {¶ 13} Defendant's second assignment of error is overruled.
 {¶ 14} "III. Whether the trial court erred in overruling the defendant's Rule 29 motion for acquittal, motion in limine, and motion for mistrial."
 {¶ 15} In his third assignment of error, defendant argues that the trial court made several erroneous evidentiary rulings during the course of the trial.
Denial of Motion for Acquittal
 {¶ 16} First, defendant argues that the evidence was insufficient to support his conviction for trafficking of marijuana. We disagree.
 {¶ 17} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 18} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 19} Here, defendant was convicted of trafficking of marijuana. R.C. 2925.03 defines the crime of drug trafficking as follows:
 {¶ 20} "(A) No person shall knowingly sell or offer to sell a controlled substance."
 {¶ 21} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant knowingly sold marijuana and the trial court properly denied his motion for acquittal.
 {¶ 22} At trial, Det. Sims testified that he gave the CI buy money and watched him engage in a hand-to-hand exchange with the defendant. He testified that the CI promptly returned after the transaction and handed him a baggie with marijuana. He testified that he informed the officers in the take-down unit of the defendant's description: African American male wearing blue jeans, black puffy jacket and white wafe cap; and a description of the van: Blue Chrysler mini-van. Det. Vowell and Sgt. Mone testified that they pulled the van over, that defendant matched the description given by Det. Sims, and that two baggies of marijuana were found at his feet. Det. Sims also testified that he identified the defendant as the same man he witnessed in the hand-to-hand exchange with the CI.
 {¶ 23} When this evidence is viewed in the light most favorable to the State, the court could find that the defendant was selling marijuana and was guilty of trafficking beyond a reasonable doubt. The fact that the marked currency was not found on defendant and was never recovered does not undermine the State's case inasmuch as there is no requirement that there is no requirement that marked currency needs to be accounted for.[1] See State v. Jones, Cuyahoga App. No. 83852,2004-Ohio-4479; Statev. Nobles, Cuyahoga App. No. 79264, 2002-Ohio-667. Furthermore, as discussed in the previous assignment of error, the identity of the CI was not necessary to establish any of the elements of trafficking. See Ibid. Whether the officers' testimony in this case was credible or not was for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230. Construing the officers' testimony in a light most favorable to the State, as we are required to do, it is clear there was sufficient evidence which, if believed, demonstrated that defendant sold marijuana to the CI in violation of R.C. 2925.03. Accordingly, the State met its burden of production at trial and the trial court properly denied the defendant's motion for acquittal.
Denial of Motion in Limine
 {¶ 24} Next, defendant challenges the trial court's denial of his motion in limine and the prosecutor's subsequent questioning of Det. Vowell and Sgt. Mone about the marijuana found inside the van. Defendant argues that this evidence was not relevant to any of the issues in the case since he was not charged with possession of those drugs and the resultant prejudice outweighed any marginal relevance it may have had. We disagree.
 {¶ 25} "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. All relevant evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A).
 {¶ 26} Evid.R. 404(B)states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 27} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. State v. Davis (1975), 44 Ohio App.2d 335. The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Jacks (1989), 63 Ohio App.3d 200, 207.
 {¶ 28} Here, the trial court properly allowed the testimony regarding the two baggies of marijuana found inside the van. This testimony was not admitted to show that defendant possessed or intended to sell the marijuana but instead to show defendant's opportunity to sell the drugs or the absence of mistake or accident since the two baggies of marijuana were packaged identically to the one found on the CI.
Denial of Motion for Mistrial
 {¶ 29} Finally, defendant argues that the court erred in denying a mistrial based upon (1) the admittance of the evidence relating to the drugs found inside the van and (2) the failure to disclose the identity of the CI. We disagree.
 {¶ 30} The granting or denying of a motion for mistrial rests within the sound discretion of the trial court. State v. Nichols (1993),85 Ohio App.3d 65. A court may only declare a mistrial "when the ends of justice so require and a fair trial is no longer possible." State v.State v. Franklin (1991), 62 Ohio St.3d 118.
 {¶ 31} In the previous section of this assignment of error, we found that the trial court did not err in allowing the detectives to testify about the two baggies of marijuana found in the van. Accordingly, we find that the trial court did not err in denying a motion for mistrial on this ground.
 {¶ 32} As to the disclosure of the CI's identity, we find that the trial court did not err in denying a motion for mistrial on this ground as well. We have already found that disclosure of the CI's identity was not necessary to establish any essential element of the offense charged.
 {¶ 33} The third assignment of error is overruled.
 {¶ 34} "I. Whether the conviction for trafficking in drugs must be reversed as against the manifest weight of the evidence."
 {¶ 35} In his first assignment of error, defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 36} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed must be reversed and a new trial ordered. Id. at 387.
 {¶ 37} Here, Det. Sims testified that he searched the CI prior to entering the area and found him to be free of contraband, drugs or money. He testified that he observed the CI get out of the car, have a conversation with the defendant, give him money, and receive in exchange a small baggie. He also testified that he searched the CI immediately after he reentered the car and found him to be carrying a substance that was later determined to be marijuana. Det. Sim's testimony was bolstered by that of Det. Vowell and Sgt. Mone who were part of the take-down team and arrested defendant based upon the physical description given by Det. Sims and the two baggies of marijuana found at his feet that were identical to the baggie purchased by the CI. Under these circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument.
 {¶ 38} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in finding defendant guilty of trafficking of marijuana. We find there to be substantial, competent and credible evidence upon which the jury could base its decision that defendant knowingly sold marijuana and engaged in trafficking as defined by R.C. 2925.03.
 {¶ 39} The first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Calabrese, Jr., J., concur.
[1] Indeed, Det. Vowell testified that the officers did not go back to the gas station where the transaction occurred and defendant bought a bag of chips immediately after the hand-tohand exchange.