[Cite as *State v. Sheron*, 2013-Ohio-1989.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98837**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DWAYNE B. SHERON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558591

**BEFORE:** Jones, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Marcus A. Henry
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Dwayne Sheron, appeals from the trial court's judgments denying his motion to suppress and motion to reveal the confidential informant. Sheron also contends that his trial counsel was ineffective. We affirm.

## I. Procedural History

{¶2} In February 2012, Sheron was charged with drug-related charges in a seven-count indictment. Counts 1, 2, and 3 were alleged to have occurred on January 5, 2012, and Counts 4, 5, 6, and 7 were alleged to have occurred on January 11, 2012.

{¶3} In June 2012, Sheron filed a motion to suppress evidence. He also filed a motion for disclosure of the identity of the confidential informant ("CI"). After a hearing on the motions, the trial court denied them both.

{¶4} Sheron entered a plea of no contest to Counts 4, 5, 6, and 7, and the trial court found him guilty on those counts. Counts 1, 2, and 3 were nolled. The trial court sentenced Sheron to a two-year prison term.

## II. Facts

{¶5} On January 5, 2012, Detective Robert Toth of the Westlake Police Department used a CI to engage in a controlled buy with a male, known at the time to the CI and the detective as only "Bruce." The CI placed a monitored call to "Bruce's" cell phone and arranged to purchase heroin.

{¶6} The CI was outfitted with a recording device and driven to the place arranged for the transaction, which was a Cleveland residence located on Whitethorn Avenue.

Detective Toth testified that the CI was searched prior to entering the home and had no contraband; he only had the pre-recorded buy money.

{¶7} Detective Toth testified that he heard the "shuffling" of money on the recording. The detective further testified upon being searched after the buy, the CI had a substance that tested positive as heroin.

{¶8} After the controlled buy, Detective Toth swore to the above-mentioned facts in an affidavit in support of a request for a search warrant for the Whitethorn Avenue residence. The affidavit was not made a part of the record, and so what we know of its contents is derived only from the detective's testimony. The detective testified that the name "Dwayne Sheron" was not mentioned in the affidavit.

{¶9} On January 8, 2012, a trial court judge issued a search warrant based on Detective Toth's affidavit. After the warrant was issued, but before the search was executed, Detective Toth contacted Captain Brian Heffernan of the Cleveland police to further investigate. Through his contact with Captain Heffernan, Detective Toth learned that "Dwayne Bruce Sheron" resided at the house with his three children. The detective further learned that Sheron was also known by the aliases "little Bruce," "Brucey," and "Bruce." Moreover, the detective obtained a photograph of Sheron, as well as his driving record, from the Bureau of Motor Vehicles. The detective learned that Sheron had four outstanding arrest warrants and a suspended driver's license.

{¶10} The search of the home was executed on January 11, 2012. Prior to the search commencing, the detective saw Sheron come out of the home, get in a car, and

drive away. Cleveland police officers stopped him a short distance from the house and arrested him on the outstanding warrants and for driving under suspension. Cocaine was recovered from Sheron's person during a search incident to arrest.

{¶11} Upon search of Sheron's home, the police found cocaine residue in "twistie tear-ups" and a Pyrex measuring cup. They further found a fully-loaded firearm underneath Sheron's bed and $1,500 in cash in a jacket.

### III. Law and Analysis

{¶12} In this appeal, Sheron assigns the following as errors for our review:

[I.] The trial court erred in denying Appellant's motion to suppress.

[II.] The trial court erred in denying Appellant's motion for [disclosure of the identity of the] alleged informant.

[III.] Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments when defense counsel failed by not moving the affidavit to the search warrant into evidence or including it in the record.

{¶13} Within these assignments of error, Sheron seeks resolution from this court as to whether: (1) the stop of Sheron was constitutional; (2) counsel was ineffective by not making the search affidavit part of the record so that we could determine if it was sufficient; and (3) the trial court abused its discretion by not requiring the state to disclose the CI. We consider each of these issues in turn.

### A. The Stop

{¶14} Sheron contends that the stop was unconstitutional because at the time, there was no evidence that the police knew who he was, the officers had a warrant for him, or they knew he was driving under suspension. Further, Sheron contends that the police

had not observed him engage in any criminal activity in the moments leading up to the stop.

{¶15} Although Sheron's latter contention may be true, the former is not. Detective Toth specifically testified that after the search warrant was issued, but before it was executed, he learned from Captain Heffernan that "Dwayne Bruce Sheron" resided at the subject house. Toth further learned that Sheron's aliases were "little Bruce," "Brucey," and "Bruce." The detective obtained a photo of Sheron from the Bureau of Motor Vehicles. Detective Toth also learned that Sheron had four outstanding arrest warrants and that his driving privileges were suspended.

{¶16} An officer who learns that the registered owner of a vehicle lacks driving privileges may reasonably infer that the automobile is being driven by its registered owner. *State v. Greathouse*, 8th Dist. No. 93187, 2010-Ohio-3855, ¶ 11, citing *State v. Mack*, 9th Dist. No. 24328, 2009-Ohio-1056, ¶ 9; *State v. Metcalf*, 9th Dist. No. 23600, 2007-Ohio-4001, ¶ 8; *State v. Jones*, 7th Dist. No. 03 BE 28, 2004-Ohio-1535, ¶ 11; *State v. Maston*, 7th Dist. No. 02 CA 101, 2003- Ohio-3075, ¶ 16; *Rocky River v. Saleh*, 139 Ohio App.3d 313, 327, 743 N.E.2d 944 (8th Dist.2000); *State v. Yeager*, 4th Dist. No. 99CA2492, 1999 Ohio App. LEXIS 4462 (Sept. 24, 1999). "'Thus, absent some indication that the registered owner is not driving the automobile, police may conduct an investigatory stop if they learn that the registered owner has a suspended license.'" *Greathouse* at ¶ 13, quoting *State v. Elliot*, 4th Dist. No. 08CA50, 2009-Ohio-6006, ¶ 17.

{¶17} Here, not only did Detective Toth know that Sheron's driving privileges

were suspended, he also had an idea of who Sheron was because he had a photo of him from the Bureau of Motor Vehicles. Thus, the police properly stopped Sheron for driving under suspension.

{¶18} Moreover, an outstanding arrest warrant for the registered owner of a vehicle provides sufficient justification for the investigatory stop of that vehicle under *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968). *State v. Harrington*, 2d Dist. No. 14146, 1994 Ohio App. LEXIS 2769, *4 (June 1, 1994). Thus, the police were justified in stopping Sheron because they knew at the time of the stop that Sheron had four outstanding arrest warrants.

{¶19} In light of the above, the stop of Sheron was constitutional.

B. Trial Counsel's Performance

{¶20} As previously mentioned, defense counsel did not make the affidavit in support of the search warrant part of the record; that failure forms the basis for Sheron's ineffective assistance of counsel claim.

{¶21} We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that his counsel's performance fell below an objective standard of reasonable representation; and if so, show there was a reasonable probability that his counsel's errors affected the outcome of the proceedings. *Id.*

{¶22} Sheron contends that the affidavit was silent as to the CI's credibility and

reliability, that defense counsel did not raise that issue below, and now Sheron is in the position of trying to convince this court that the affidavit was not sufficient to justify the issuance of the search warrant without us having the affidavit to review. Sheron contends that if the trial court had "seen [the affidavit] and reviewed it," the outcome of the hearing would have been different.

{¶23} Although the preferred practice is for defense counsel to make an affidavit in support of a search warrant part of the record so that it can be reviewed on appeal, we do not find that the failure to do so in this case constituted ineffective assistance of counsel.

{¶24} During his closing argument, defense counsel suggested to the court that it "examine the warrant." In its written opinion, the court stated, in part, that the "affidavit was sufficient to establish probable cause for the issuance of the search warrant." On this record, we presume the regularity of the proceeding, that is, that the trial court did in fact review the affidavit and that it was sufficient to establish probable cause.

C. Denial of Request to Disclose Identity of the CI and Veracity of Detective Toth's Averments in the Affidavit in Support of the Search Warrant

{¶25} In his motion to suppress, Sheron contended, in part, that he did not engage in any drug transaction and challenged the accuracy and veracity of Detective Toth's averments in his affidavit on this issue. Likewise, in his motion for disclosure of the CI's identity, Sheron maintained that he had not engaged in any drug transaction and the CI could confirm that.

{¶26} Sheron submitted his affidavit in support of his contention. Sheron averred

in the affidavit that "I have been read the search warrant Affidavit and Paragraphs 2, 3, 5, and 6 are completely false," and that on "January 5, 2012, I did not engage in any drug transactions."

**{¶27}** The disclosure of an informant's identity requires a balancing of competing interests, that is, the accused's right to confront his or her accusers and the state's right to preserve an informant's anonymity. *State v. Richard*, 8th Dist. No. 76796, 2000 Ohio App. LEXIS 5728, *23 (Dec. 7, 2000). In *State v. Glenn*, 8th Dist. No. 85005, 2005-Ohio-2009, this court analyzed those competing interests as follows:

> The factors to be considered when determining whether the identity of a CI should be disclosed [under Crim.R. 16(B)(1)(e)] are: (1) whether the CI's testimony is vital to establishing an essential element of the offense charged, or (2) whether the CI's testimony is helpful or beneficial to the accused in preparing a defense. If the CI's degree of participation is such that the CI is essentially a State's witness, the balance tilts in favor of disclosure. However, where disclosure is not helpful to the defense, the prosecution need not reveal the CI's identity. The defendant bears the burden of establishing the need for learning the CI's identity.

(Citations omitted.) *Id.* at ¶ 10.

**{¶28}** We will not reverse a trial court's decision regarding the disclosure of the identity of a confidential informant absent an abuse of discretion. *State v. Bays*, 87 Ohio St.3d 15, 1999-Ohio-216, 716 N.E.2d 1126. An abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶29}** The Fourth Amendment to the United States Constitution provides that search warrants must be based on probable cause and "supported by Oath or affirmation *

* *."  An affidavit supporting a warrant enjoys a presumption of validity.  *State v. Roberts*, 62 Ohio St.2d 170, 178, 405 N.E.2d 247 (1980).   In order to overcome that presumption, the defendant must support his allegations with something more than conclusory accusations.   *Id.*

{¶30} In *Roberts*, the Ohio Supreme Court held that "a challenge to the factual veracity of a warrant affidavit must be supported by an offer of proof which specifically outlines the portions of the affidavit alleged to be false, and the supporting reasons for the defendant's claim."   *Id.*, citing *Franks v. Delaware*, 438 U.S. 154, 171-172, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).   As the United States Supreme Court held in *Franks*, a challenge to the affiant's veracity requires "allegations of deliberate falsehood or of reckless disregard for the truth."   *Id.* at 171.   Such allegations must be supported by an "offer of proof [that] should include the submission of affidavits or otherwise reliable statements, or their absence should be satisfactorily explained."   *Roberts* at 178.

{¶31} In order to require a trial court to hold a hearing, a defendant must first make a "substantial preliminary showing" that the affiant included a false statement in the affidavit either knowingly and intentionally, or with reckless disregard for the truth.   *Id.* at 177; *Franks* at 155.   Even if a defendant makes a sufficient preliminary showing, a hearing is not required unless, without the allegedly false statements, the affidavit is unable to support a finding of probable cause.   *Id.* at 178; *Franks* at 171-172.

{¶32} At the hearing, the trial court initially held that Sheron failed to meet the first of the two alternative standards for challenging the veracity of a search warrant

affidavit set forth in *Franks*. Specifically, the trial court found that Sheron's "self-serving" affidavit did not establish that Detective Toth's averments were made with "deliberate falsehood."

**{¶33}** The court went forward with a hearing on the issue of whether Toth's averments were made with a "reckless disregard for the truth." After the hearing, the court issued an opinion. In its opinion, the court found that, based on Detective Toth's testimony, there were no "serious doubts or reckless disregard as to statements made in the affidavit as to the probability that narcotics * * * and contraband were being kept at the Whitethorn residence."

**{¶34}** Thus, the court found that the affidavit was "sufficient to establish probable cause for the issuance of the search warrant." The court further found that, because the state dismissed Counts 1, 2, and 3, Sheron's motion for disclosure of the alleged informant was moot.

**{¶35}** Upon review, we find that Sheron failed to make a "substantial preliminary showing" that Detective Toth included statements in his affidavit that were either knowingly and intentionally false or made with reckless disregard for the truth. Sheron submitted his own affidavit in support of his contention. In his affidavit, Sheron averred that "I have been read the search warrant Affidavit and Paragraphs 2, 3, 5, and 6 are completely false" and that on "January 5, 2012, I did not engage in any drug transactions." Those general assertions are insufficient to make a substantial preliminary showing that statements in Toth's affidavit were either knowingly and

intentionally false or made with reckless disregard for the truth. *See State v. Pustelnik*, 8th Dist. No. 91779, 2009-Ohio-3458, ¶ 34; *State v. Martin*, 8th Dist. No. 89030, 2007-Ohio-6062, ¶ 24.

{¶36} Moreover, Detective Toth was cross-examined about the January 5, 2012 drug transaction, and in sum, testified that the CI purchased heroin from Sheron, then only known to him as "Bruce."

{¶37} On this record, Sheron did not present an "offer of proof," or a satisfactory explanation for its absence, that demonstrated that portions of Detective Toth's affidavit was false.

{¶38} Further, we agree with the trial court that the issue of the identity of the CI was moot. The state dismissed Counts 1, 2, and 3, relative to the alleged January 5, 2012 drug transactions, and although it may appear at first blush that those sales were still relevant to this case because they formed the basis for the police's request for the search warrant, this court has held that the testimony of a CI under these circumstances would be "completely irrelevant" to the defense of the merit of charges. *State v. Dimmings*, 8th Dist. No. 80149, 2002-Ohio-803, *8. This court addressed the issue as follows:

> "We must remember also that we are not dealing with the trial of the criminal charge itself. There the need for a truthful verdict outweighs society's need for the informer privilege. Here, however, the accused seeks to avoid the truth. The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment. * * * If the motion to suppress is denied, defendant will still be judged upon the untarnished truth."

*Id.*, quoting *Illinois v. McCray*, 386 U.S. 300, 307, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

Following *McCray*, this court held that it could not find that a "CI participating in a controlled buy with a suspected drug dealer constitutes a material witness in the resulting case stemming from the defendant's possession of other quantities of illegal drugs." *Id.* at *9. This court held that therefore, under *McCray*, the CI is not the accuser of a defendant, the police-officer affiant is. *Id.* "Absent some substantial outside evidence to suggest that the affidavit of the officer is false or fraudulent, no CI disclosure should be ordered." *Id.*

{¶39} As previously discussed, we do not find that Detective Toth's affidavit was false or fraudulent and, therefore, on this record, the trial court did not abuse its discretion in denying Sheron's motion to reveal the identity of the CI.

IV.   Conclusion

{¶40} In light of the above, Sheron's three assignments of error are without merit and overruled.   The trial court's judgment is therefore affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR