[Cite as *Johnson v. Robey*, 2020-Ohio-2.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARVIN F. JOHNSON, SR.            :

    Plaintiff-Appellant,          :

                             No. 108682

    v.                                      :

GREGORY SCOTT ROBEY              :

    Defendant-Appellee.           :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 2, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-911472

### *Appearances:*

Marvin F. Johnson Sr., *pro se.*

Reminger Co., L.P.A., Andrew J. Dorman, and Aaren R. Host, *for appellee.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant, Marvin F. Johnson, Sr. ("Johnson"), pro se, appeals the trial court's decision granting defendant-appellee's, Gregory Robey's ("Robey"), motion for judgment on the pleadings and dismissing Johnson's legal malpractice claim. For the reasons set forth below, we affirm.

{¶ 2} In April 2015, Johnson was indicted on one count each of drug trafficking, drug possession, and possession of criminal tools. Johnson rejected the state's offer of a two-year prison sentence and subsequently filed a motion to suppress evidence discovered through the execution of a search warrant. Johnson alleged the search warrant contained material falsehoods, lacked probable cause, and was thus invalid. In December 2015, the trial court conducted a hearing and denied the motion to suppress. Thereafter, Johnson pleaded no contest to the charges, and was found guilty.

{¶ 3} In May 2016, the trial court sentenced Johnson to a prison term of six years. The trial court placed Johnson, who suffers from a heart condition known as Wolff-Parkinson-White syndrome, on supervised release and electronic home detention, to allow Johnson to undergo heart surgery in July 2016. The trial court ordered Johnson to report to jail no later than August 1, 2016. In the interim, Johnson was to remain on bond.

{¶ 4} In July 2016, Johnson requested appointed counsel. The trial court assigned Johnson appellate counsel, but then vacated its assignment because Johnson was not indigent and had retained counsel throughout the proceedings. In the same month, the trial court scheduled a bond hearing because Johnson reportedly tested positive for marijuana. Johnson did not appear for the bond hearing and alleged that he was still recovering from heart surgery, but the court was not informed. The trial court revoked Johnson's bond and issued a capias. Johnson,

who claims he was under post-surgical care, failed to report to prison and failed to inform the trial court of his status.

{¶ 5} More than seven months later, in February 2017, Johnson turned himself in and the trial court resentenced him to eight years in prison. Johnson timely appealed his conviction. There, Johnson argued that the trial court erred in denying the motion to suppress, erred in imposing an eight-year prison sentence and erred in resentencing him to eight years after initially sentencing him to six years. He also argued that his trial counsel was ineffective for not objecting to the increased prison term and to the issuance of a capias for failure to appear in court due to medical reasons.

{¶ 6} In *State v. Johnson*, 8th Dist. Cuyahoga No. 105560, 2018-Ohio-169, we affirmed the trial court's denial of the motion to suppress. We reversed the trial court's imposition of an eight-year prison sentence after initially imposing a six-year prison sentence. We remanded the matter for the limited purpose of executing the original six-year prison sentence.

{¶ 7} In February 2019, Johnson filed a legal malpractice complaint against Robey, whom he had retained for his direct appeal. The complaint alleged that the state's attorney briefed and argued from exhibits that were deemed inadmissible by the trial court and that Robey failed to put forth any defense. The complaint also alleged that the state's attorney filed inadmissible exhibits in this court and that Robey failed to file a motion to strike those exhibits. In addition, the complaint alleged that in Johnson's direct appeal, this court considered evidence contained in

the inadmissible exhibits in reaching its decision, and that Robey failed to bring that to this court's attention in his motion for reconsideration.

{¶ 8} In March 2019, after being served with Johnson's complaint on February 26, 2019, Robey motioned the court for a two-day extension and for leave to file his answer instanter. Robey informed the court that he had retained counsel that afternoon. The trial court granted the motion and deemed Robey's answer filed instanter.

{¶ 9} In April 2019, Johnson filed a motion for default judgment, which the trial court struck as being improperly filed. In the same month, Johnson also filed a motion in opposition to Robey's answer and a motion to strike the answer. The trial court struck both motions as improper pleadings.

{¶ 10} Subsequently, Robey filed a motion for judgment on the pleadings. Robey asserted that Johnson could not state a prima facie claim for legal malpractice because he could not demonstrate that Robey's failure to object to the state's submission of inadmissible exhibits into the appellate record caused injury. On May 17, 2019, the trial court granted Robey's motion for judgment on the pleading and dismissed the case.

{¶ 11} Johnson now appeals, assigning the following two errors for review:

### Assignment of Error One

The trial court abused its discretion by granting [Robey's] request for leave to file answer out of rule without a finding of excusable neglect.

Assignment of Error Two

The trial court erred in granting [Robey's] motion for judgment on the pleadings.

**{¶ 12}** In the first assignment of error, Johnson argues the trial court abused its discretion in granting Robey's request for an extension to file his answer.

**{¶ 13}** Civ.R. 6(B) provides in relevant that:

When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

**{¶ 14}** Thus, "[i]f a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a showing of excusable neglect." *McGrath v. Bassett*, 196 Ohio App.3d 561, 2011-Ohio-5666, 964 N.E.2d 485 (8th Dist.), citing *Brooks v. Progressive Speciality Ins. Co.*, 9th Dist. Summit No. 16639, 1994 Ohio App. LEXIS 3268 (July 20, 1994).

**{¶ 15}** A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 465, 650 N.E.2d 1343 (1995). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 16}** "[T]he test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *Fourtounis v. Verginis*, 8th Dist. Cuyahoga

No. 105349, 2017-Ohio-8577, ¶ 14, citing *Lindenschmidt* at 466.  The determination must take into consideration all the surrounding facts and circumstances, with the admonition that cases should be decided on their merits, where possible. *Id.*

{¶ 17} In the instant case, on March 28, 2019, Robey's counsel stated, in his motion for leave to file answer instanter, that he had been retained that afternoon, that he had just received the complaint, that he had reviewed the docket and noted that the answer was due on March 26, 2019.  In addition, Robey's counsel stated that he was unable to contact Johnson's counsel, because Johnson is pro se and appears to be in a correctional institution.  Further, at the time of the request, Robey was out of rule by only two days and Johnson had yet to file a motion for default judgment.

{¶ 18} Considering all the surrounding facts and circumstances, as well as being mindful that, optimally, cases should be decided on their merits, Johnson was not prejudiced by the trial court granting Robey a two-day extension to file his answer.  Thus, under the circumstances, we conclude there was no abuse of discretion in granting the two-day extension.

{¶ 19} Accordingly, the first assignment of error is overruled.

{¶ 20} In the second assignment of error, Johnson argues the trial court erred in granting Robey's motion for judgment on the pleadings.

{¶ 21} We review a trial court's determination regarding a motion for judgment on the pleadings de novo.  *Schmitt v. Edn. Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996).

{¶ 22} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. *Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106683, 2018-Ohio-2740, citing *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581-582, 752 N.E.2d 267 (2001). Dismissal of a complaint is appropriate under Civ.R. 12(C) when, after construing all material allegations in the pleadings, along with all reasonable inferences drawn therefrom in favor of the plaintiff, the court finds that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Pontious* at 570, *Socha v. Weiss*, 8th Dist. Cuyahoga No. 105468, 2017-Ohio-7610, ¶ 9.

{¶ 23} In order to establish a claim of legal malpractice based on negligent representation, the plaintiff must demonstrate "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Skoda Minotti Co. v. Novak, Pavlik & Deliberato, L.L.P.*, 8th Dist. Cuyahoga No. 101964, 2015-Ohio-2043, quoting *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), syllabus, following *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989).

{¶ 24} In the instant case, as previously noted, Johnson retained Robey to represent him in his direct appeal. In that matter, Robey assigned four errors for review on Johnson's behalf; chief among them was the assertion that the trial court

erred in denying the motion to suppress evidence discovered through the execution of a search warrant.

{¶ 25} The trial court's journal entry following the suppression hearing stated in pertinent part as follows:

> Upon review of testimony at hearing, Court finds that search warrant was issued pursuant to fresh evidence set forth in affidavit, including controlled buy performed within appropriate time. Court further finds that background information, while vague as to operative facts, was mere surplusage and did not form the basis for the issuance of the search warrant.

{¶ 26} Nonetheless, Johnson challenged paragraphs one, three, and four through nine of the affidavit and claimed it contained materially false and misleading statements or omissions. Johnson also claimed that probable cause was lacking because there was no evidence of ongoing drug trafficking.

{¶ 27} In affirming the trial court's denial of Johnson's motion to suppress, we stated in pertinent part as follows:

> [Johnson's] general challenges to the affidavit do not overcome the presumption of validity afforded to the warrant affidavit. *State v. Sheron*, 8th Dist. Cuyahoga No. 98837, 2013-Ohio-1989, ¶ 31. Johnson has failed to make a substantial preliminary showing of the knowing, intentional, or reckless inclusion of a false statement, or establish that, without the false statements, the warrant "affidavit is unable to support a finding of probable cause" *Id.*, citing *State v. Roberts*, 62 Ohio St.2d at 178, 405 N.E.2d 247 (1980), and *Franks v. Delaware*, 438 U.S. at 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Removing the language deemed surplusage by the trial court, it is beyond dispute that the controlled buy took place, heroin was purchased, and a search warrant executed within a 36-to 48-hour time frame.

*Johnson*, 8th Dist. Cuyahoga No. 105560, 2018-Ohio-169, ¶ 32.

{¶ 28} As we were required to do, in reaching the above decision, we conducted a de novo review of the trial court's application of the law to the facts. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. (When reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, credible evidence. The reviewing court, however, must independently determine whether those facts satisfy the applicable legal standard.) After our independent review, we concluded there was no dispute that the controlled-buy occurred, that heroin was purchased, and the search warrant was executed within a 36-48 hour time frame. As a result, we affirmed the trial court's denial of Johnson's motion to suppress.

{¶ 29} In addition, although Johnson claimed the affidavit contained materially false and misleading statements or omissions, we underscored that search warrant affidavits enjoy a presumption of validity. *Johnson* at ¶ 9, citing *Sheron*, 8th Dist. Cuyahoga No. 98837, 2013-Ohio-1989, ¶ 29, citing *Roberts*, 62 Ohio St.2d at 178, 405 N.E.2d 247. We concluded that Johnson failed to make a substantial preliminary showing of the knowing, intentional, or reckless inclusion of a false statement, or establish that, without the false statements, the warrant "affidavit is unable to support a finding of probable cause." *Johnson* at ¶ 32 citing *Roberts*, 62 Ohio St.2d at 178, 405 N.E.2d 247, and *Franks*, 438 U.S. at 155, 98 S.Ct. 2674, 57 L.Ed.2d 667.

{¶ 30} Further, although Johnson alleged that the state's attorney filed inadmissible exhibits in this court and that Robey failed to file a motion to strike

these exhibits, we did not rely on the exhibits to arrive at the aforementioned decision. As previously noted, there was no dispute that the controlled-buy occurred, that heroin was purchased, and the search warrant was executed within a 36-48 hour time frame. Consequently, the trial court did not err in overruling Johnson's motion to suppress.

{¶ 31} Based on the foregoing, we can find no evidence that Robey failed to use his best professional judgment in determining the most successful tactics to represent Johnson in his direct appeal. There was no breach of duty or obligation and Robey did not fail to conform to the standard required by law. As a result, construing all material allegations in the pleadings and all reasonable inferences that can be drawn therefrom in favor of Johnson, we find that Johnson can prove no set of facts in support of his claim that would entitle him to relief. As a result, the trial court did not err in dismissing his complaint.

{¶ 32} Accordingly, the second assignment of error is overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____ _____
MARY EILEEN KILBANE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR