{¶ 1} Judgment affirmed. Appellants George Mokrytzky and Brite Metal Heat Treating, Inc. (hereinafter referred to collectively as Brite Metal) appeal the trial court's dismissal of their complaint with prejudice. They assign the following error for our review:
 "I. The trial court abused its authority by ordering dismissal of the underlying civil action, with prejudice, when the plaintiffs have not been given a reasonable opportunity to defend against dismissal."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 Procedural History {¶ 3} On June 20, 2007, Brite Metal filed a complaint against appellee Capstar Capital Corp. ("Capstar") for violating the Telephone Consumer Protection Act (TCPA) by sending an unsolicited facsimile to Brite Metal. Capstar failed to answer the complaint.
 {¶ 4} On January 11, 2008, the trial court issued the following order:
 "Default hearing set for 2/12/2008 at 10:00 a.m. Plaintiff is to provide a proposed judgment entry, affidavit of damages, and copy of letter sent to defendant advising of date and time of hearing and that judgment may be granted if defendant does not appear. Hearing will be converted to an in person CMC if an answer/response to plaintiff's complaint is received prior to this hearing."
 {¶ 5} On February 7, 2008, Capstar filed an answer. On February 14, 2008, the trial court issued the following journal entry: *Page 4 
 "Case management conference held on 02/12/2008. Converted from default hearing. Neither counsel appeared.
 Discovery cut-off is 03/14/2008. On this date, case will be referred to ADR Department for arbitration. Arbitration must take place on or by 04/11/2008.
 Final pretrial set for 05/20/2008 at 9:30 a.m. Parties with settlement authority must appear unless out of state; then [they] may participate by telephone. A trial date will be selected at this time.
 Future failure to appear at any of these dates will result in dismissal of plaintiff's case or default judgment against defendant without further notice." (Emphasis added.)
 {¶ 6} Thereafter, Brite Metal filed a motion to strike Capstar's answer because its counsel was not licensed to practice in Ohio. On March 5, 2008, the trial court granted the motion to strike stating in its entry:
 "Plaintiff's motion to strike defendant's answer, filed 2/15/2008, is unopposed and granted. A default hearing is set for 3/24/2008 at 9:30 a.m. If plaintiff s counsel fails to appear, case will be dismissed with prejudice for failure to prosecute. If defendant fails to appear, default judgment will be granted without further notice." (Emphasis added.)
 {¶ 7} Capstar's counsel filed a motion to be admitted Pro Hac Vice, which was granted by the trial court on March 24, 2008; the court also ordered that Capstar's answer be accepted as timely filed.
 {¶ 8} On that same date, the trial court dismissed Brite Metal's complaint stating: *Page 5 
 "The default hearing which was to be converted to a case management conference, was not held on 03/24/2008 for the reason that plaintiff's counsel failed to appear. As previously indicated, plaintiff's case is dismissed with prejudice for failure to prosecute. Costs to be paid by plaintiff. Court cost assess to the plaintiff(s)."
 Dismissal With Prejudice {¶ 9} In its sole assigned error, Brite Metal contends the trial court erred by dismissing the case with prejudice without first giving notice. We disagree.
 {¶ 10} Civ. R. 41(B)(1) governs a dismissal for failure to prosecute and provides:
 "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiffs counsel, dismiss an action or claim."
 {¶ 11} The decision to dismiss a case pursuant to Civ. R. 41(B)(1) is within the sound discretion of the trial court; appellate review is limited solely to whether the trial court abused that discretion.[1]
Thus, the trial court's dismissal *Page 6 
for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable.[2]
 {¶ 12} Before a trial court can dismiss a plaintiff's case for failure to prosecute, the record must reflect that the plaintiff had notice of the possibility of dismissal under Civ. R. 41(B)(1). The purpose of the notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.[3]
 {¶ 13} In Pembaur, the plaintiff voluntarily failed to appear for a hearing without an explanation after the trial court directed him to be present. This is similar to the instant case. Brite Metal was given notice by the trial court that its failure to appear at the hearing would result in a dismissal with prejudice. In its journal entry advising the parties of the hearing date, the court clearly stated that "If plaintiff's counsel fails to appear, case will be dismissed with prejudice for failure to prosecute." Brite Metal's counsel did not provide the court with notice nor did he provide a reason why he would be unable to attend the hearing. To now argue he should be provided an opportunity to assert why he was not present at the hearing, would be allowing him "a second bite at the apple." As *Page 7 
this court in Shoreway Circle v. Gerald Skoch Co., L.P.A., [4] held, once notice is given that a dismissal with prejudice is a possibility, the party is not given a second chance to comply with the court's order.
 {¶ 14} Brite Metal also argues that it was not aware the default hearing had been converted to a CMC. However, this is irrelevant to the fact its counsel failed to appear for the hearing. Therefore, we conclude the trial court's dismissal of Brite Metal's complaint with prejudice did not constitute an abuse of discretion.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., and MARY BOYLE, J., CONCUR
[1] Pembaur v. Leis (1982), 1 Ohio St.3d 89, 90.
[2] Id. at 91.
[3] Logsdon v. Nichols, 72 Ohio St.3d 124, 1995-Ohio-225.
[4] (1994), 92 Ohio App.3d 823. *Page 1