[Cite as *McGrath v. Bassett*, 196 Ohio App.3d 561, 2011-Ohio-5666.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96360**

---

## MCGRATH,

APPELLANT,

v.

## BASSETT,

APPELLEE.

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-720945

**BEFORE:** Jones, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEYS:**

Joseph McGrath, pro se.

Malone Law, L.L.C., and Andrew R. Malone; and James F. Shannon, for appellee.

LARRY A. JONES, Judge.

{¶ 1} Plaintiff-appellant, Joseph McGrath, pro se, appeals the trial court's judgment dismissing his case with prejudice. We affirm.

## I. Procedural History

{¶ 2} In November 2009, McGrath, pro se, filed a complaint against defendant-appellee, Michele Bassett, for "fraud, deceit, unjust enrichment, breach of contract, and future damages." The complaint was filed in the Ashtabula County Court of Common Pleas. The Ashtabula County docket indicates that in early December 2009, McGrath filed a "notification [that] plaintiff's first set of requests for admissions were served upon the defendant Michele I. Bassett, with service." Later in December, McGrath filed a motion to deem his admissions admitted.

{¶ 3} A January 2010 docket entry demonstrates that service of the summons and complaint was not had on Bassett. Service was reissued, and on February 2, 2010, Bassett filed a motion to transfer the case. On February 4, McGrath filed a motion for default judgment. On February 12, the court granted Bassett's motion, and the case was ordered to be transferred to the Cuyahoga County Court of Common Pleas.

{¶ 4} In March 2010, the case was filed in the Cuyahoga County Court of Common Pleas. On April 14, 2010, McGrath filed a renewal of his demand for judgment by default. On April 19, Bassett filed a motion for leave to file an answer. Bassett's

motion was granted, and her answer was filed on April 28. Also on April 28, McGrath filed an opposition to Bassett's motion for leave, and/or a motion for judgment, for summary judgment, and to deem his requests for admissions admitted.

{¶ 5} In May 2010, the court denied McGrath's motion for default judgment. In August 2010, McGrath renewed his motions to have his admissions deemed admitted, for summary judgment, and for judgment on the pleadings. On September 8, the trial court denied McGrath's motion to have his admissions deemed admitted. On September 17, McGrath filed an "amended notification that [his] first set of requests for admissions were served upon [Bassett] on 11-20-2009, both written and on floppy disk and [his] notification [that] [his] first set of requests for admissions are admitted by default."

{¶ 6} In September 2010, the trial court denied McGrath's motions to deem his request for admissions admitted, for summary judgment, and for judgment on the pleadings.

{¶ 7} In October 2010, McGrath failed to appear at the final pretrial hearing; Bassett and her counsel were present. In early November 2010, McGrath filed motions to continue the November 10, 2010 trial, for conveyance,[1] for leave to file a motion for summary judgment, for reconsideration, and for relief from judgment. On November 9, the court denied McGrath's motions, with the exception of the motion to continue the trial.

{¶ 8} A telephone conference was set for December 3, 2010. A December 8 docket entry reads:

---

[1]McGrath was incarcerated during the pendency of this case.

The court attempted to complete the telephonic pretrial with plaintiff on 12/03/2010 as laid out in its correspondence dated November 30, 2010 to * * * Ms. Katrenia Webb, unit supervisor, Lake Erie Correctional Institute [sic]. The court attempted to contact both Ms. Webb and Ms. Hively of Lake Erie Correctional Facility. Despite the Court['s] efforts to conduct the hearing both Ms. Hively and Ms. Webb were unavailable. The court was therefore unable to speak with plaintiff Joseph McGrath. The court hereby resets the trial date for Thursday, January 3, 2011 at 9 a.m. There shall be no further continuances. Plaintiff is furthermore admonished that all pleading[s] and/or motions submitted to this court shall be served upon defendant's counsel of record * * *. Failure to comply with these instructions shall result in plaintiff's motions being stricken from the record.

{¶ 9} The case was called for trial on January 3, 2011; McGrath was not present. The trial court dismissed the case with prejudice. McGrath appeals, raising six assignments of error, which are set forth in the appendix.

## II. Law and Analysis

{¶ 10} McGrath contends in his assignments of error that the trial court abused its discretion. Two of the assignments, the third and fourth, are not reviewed for an abuse of discretion, however. The remaining assignments of error are reviewed under the abuse-of-discretion standard. An abuse of discretion connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

### A. Claims Reviewed for an Abuse of Discretion

{¶ 11} In his first assigned error, McGrath challenges the trial court's denial of his motion for default judgment.

{¶ 12} This case was originally filed in November 2009 in the Ashtabula County Court of Common Pleas. After service was had on Bassett in early 2010, she moved the

court to have the case transferred to the Cuyahoga County Court of Common Pleas. Her motion was granted, and the case was filed in Cuyahoga County on March 11, 2010. On April 19, 2010, Bassett sought leave to file her answer. At that time, McGrath's renewed motion for default judgment was pending.

**{¶ 13}** Civ.R. 6(B) provides as follows:

> When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

**{¶ 14}** Thus, "[i]f a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a showing of excusable neglect." *Brooks v. Progressive Specialty Ins. Co.* (July 20, 1994), Summit App. No. C.A. 16639, 1994 WL 376768. A trial court's determination of whether neglect is excusable or inexcusable "must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." *Fowler v. Coleman* (Dec. 28, 1999), Franklin App. No. 99AP-319, 1999 WL 1262052. Ohio courts have held that "[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record." *Suki v. Blume* (1983), 9 Ohio App.3d 289, 290, 459 N.E.2d 1311; see also *Fowler*; *Speaks v. Anderson* (Jan. 21, 1988), Franklin App. No. 87AP-780, 1988 WL 4648; *Evans v. Chapman* (1986), 28 Ohio St.3d 132, 135, 502 N.E.2d 1012.

{¶ 15} The trial court did not abuse its discretion by allowing Bassett to file her answer or by denying McGrath's motion for default judgment. Bassett sought leave to file her answer shortly after the case was filed in Cuyahoga County. It was not unreasonable to allow her to do so and attempt to proceed to the merits of the case.

{¶ 16} In light of the above, the first assignment of error is overruled.

{¶ 17} For his second assigned error, McGrath contends that the trial court abused its discretion by denying his motion to deem his admissions admitted.

{¶ 18} Civ.R. 36(A), governing requests for admissions, provides that the party requesting the admissions "shall provide the party served with both a printed and an electronic copy of the request for admission. The electronic copy shall be reasonably useable for word processing and provided on computer disk, by electronic mail, or by other means agreed to by the parties. A party who is unable to provide an electronic copy of a request for admission may seek leave of court to be relieved of this requirement."

{¶ 19} In opposition to McGrath's second motion to deem his requests for admissions admitted, Bassett contended that McGrath neither provided her with an electronic copy of his requests nor sought leave of court to be relieved of the requirement. This court has stated that the remedy for a party who has not been properly served with a request for admissions is to "petition the court to order compliance, not to ignore the requirements of Civ.R. 36." *Lecso v. Heaton*, Cuyahoga App. No. 94121, 2010-Ohio-3880, ¶ 30, fn. 1. Moreover, McGrath filed an "amended notification," wherein he contended that he did provide Bassett with both a written and electronic

version of his request.

{¶ 20} Notwithstanding the above, we find that the trial court did not abuse its discretion by denying McGrath's motion to have the admissions deemed admitted. Specifically, the record indicates that service by McGrath was problematic.[2] Further, McGrath's notification of service of his request for admissions was filed when the case was before the Ashtabula County Court of Common Pleas and *before* service was had on Bassett. The "amended notification" McGrath filed when the case was before the Cuyahoga County Court of Common Pleas was filed on September 17, 2010, six months after the case had been pending, and *after* the court had denied his motion.

{¶ 21} On this record, the trial court did not abuse its discretion by denying McGrath's motion to have his admissions deemed admitted. The second assignment of error is therefore overruled.

{¶ 22} For his fifth and sixth assigned errors, McGrath contends that the trial court abused its discretion by denying his requests to be conveyed from prison for court proceedings and then dismissing his complaint with prejudice for his nonappearance at trial, respectively. The two assignments are best considered in tandem.

{¶ 23} An incarcerated party to a civil lawsuit has no absolute right to be present at court proceedings: "There is no support in the Constitution or in judicial precedent for the proposition that a prisoner has an absolute due process right to attend the trial of a civil

---

[2]See the trial court's December 8, 2010 entry admonishing McGrath to serve Bassett's attorney with all pleadings and motions.

action to which he is a party." *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221, 523 N.E.2d 332.

{¶ 24} McGrath had a history in this case of not appearing. First, in an entry dated October 29, 2010, the court noted that he "failed to appear at the final pretrial despite representing to this court during the initial telephonic case management conference that he would appear at the final pretrial." After McGrath's nonappearance at the final pretrial, the court, upon McGrath's motion, set the case for another conference, to be done telephonically. The court followed McGrath's instructions as to how he could be reached, but the efforts were not fruitful and McGrath was therefore again not present for the conference.

{¶ 25} Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "Before a trial court can dismiss a plaintiff's case for failure to prosecute, the record must reflect that the plaintiff had notice of the possibility of dismissal under Civ.R. 41(B)(1). The purpose of the notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." *Mokrytzky v. Capstar Capital Corp.*, Cuyahoga App. No. 91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361.

{¶ 26} Here, the court put McGrath on notice in June 2010 that "failure to appear as

ordered may result in sanctions including dismissal and/or judgment."[3]  McGrath then failed to appear at both the final pretrial and a subsequent conference arranged by the court upon McGrath's request.   On this record, the trial court did not abuse its discretion in either denying his motion for conveyance or dismissing his case with prejudice.   The fifth and sixth assignments of error are overruled.

### B.   Claims Reviewed De Novo

{¶ 27} In his third assignment of error, McGrath challenges the trial court's denial of his summary-judgment motion.   In his fourth assignment of error, he challenges the denial of his motion for judgment on the pleadings.   We review both of those challenges de novo.   See *Coleman v. Beachwood*, Cuyahoga App. No. 92399, 2009-Ohio-5560, ¶ 15, 33 ("We review the granting of summary judgment under a de novo standard"; "Appellate review of the grant of a Civ.R. 12(C) motion for judgment on the pleadings is de novo").   In a de novo review, we must independently review all legal issues without deference to the determination of the trial court.   Id.

### 1.   Summary Judgment

{¶ 28} Summary judgment is appropriate when looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.   Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73

---

[3]Trial court's June 6, 2010 judgment entry.

Ohio St.3d 679, 686-687, 653 N.E.2d 1196.

**{¶ 29}** The party moving for summary judgment carries an initial burden of setting forth specific facts that demonstrate his entitlement to summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 288, 662 N.E.2d 264. The only evidence to be considered in deciding summary judgment is that found in the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

**{¶ 30}** McGrath's summary-judgment motion was based on the proposed admissions that he sought to have deemed admitted. But the trial court did not deem McGrath's proposed admissions admitted, and we uphold that decision. Thus, McGrath failed to establish that he was entitled to summary judgment. The third assignment of error is therefore overruled.

2. Motion for Judgment on the Pleadings

**{¶ 31}** In support of his motion for judgment on the pleadings, McGrath contended that "[i]n this case the defendant is in default across the board and the complaint with attached photographs and requests for admissions are all admitted, thereby establishing the plaintiff's claims in toto."

**{¶ 32}** Unlike a motion for summary judgment, when the parties are permitted to submit certain evidentiary materials for the court's review, the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. See *Peterson v. Teodosio* (1973), 34 Ohio St.2d

161, 297 N.E.2d 113.  Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.  *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 403, 594 N.E.2d 60.

{¶ 33} Bassett was not in default.   In his complaint, McGrath alleged the existence of a contract and breaches of the contract.   Bassett answered and denied the existence of a contract.   Restricting review to the complaint, its attached photographs, and the answer, the evidence was not sufficient to determine as a matter of law that there had been a contract and breaches thereof.   Accordingly, the trial court did not err by denying McGrath's motion for judgment on the pleadings, and the fourth assignment of error is therefore overruled.

### III.   Conclusion

{¶ 34} In sum, default judgment was not appropriate in this case because Bassett filed an answer and the trial court's grant of leave for her to do so was not an abuse of discretion.   Further, the trial court did not abuse its discretion by denying McGrath's motion to have his proposed admissions deemed admitted.

{¶ 35} The trial court also did not abuse its discretion by denying McGrath's motion to convey and dismissing the complaint with prejudice.   McGrath was not absolutely entitled to be present.   McGrath was advised that his case could be dismissed for his failure to appear.   The trial court attempted to accommodate McGrath in prosecuting his case, to no avail.

{¶ 36} Finally, the trial court did not err by denying McGrath's motions for

judgment on the pleadings and summary judgment.

Judgment affirmed.

BOYLE, P.J., and ROCCO, J., concur.

_____

APPENDIX

"[I.]    The trial court abused its discretion denying the plaintiff-appellant's motion for a default judgment when the defendant-appell[ee] only filed for leave to answer after the 2nd default judgment motion was pending and within her motion for leave the defendant-appellee made no showing or mention of excusable neglect or even a civil rule.

"[II.]   The trial court abused its discretion denying the plaintiff-appellant's motion to formally deem the plaintiff's first set of requests for admissions admitted that were never answered by the defendant-appellee.

"[III.]  The trial court abused its discretion denying the plaintiff-appellant's motion for summary judgment.

"[IV.]   The trial court abused its discretion denying the plaintiff-appellant's motion for judgment on the pleadings.

"[V.]    The trial court abused its discretion in not conveying the plaintiff-appellant to court for trial when a timely motion for conveyance was made.

"[VI.]   The trial court abused its discretion dismissing the plaintiff-appellant's complaint with prejudice when he diligently prosecuted the lawsuit and had filed a motion to convey."

_____