[Cite as *Ocran v. Richlak*, 2013-Ohio-4603.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99856**

---

# YOOFI OCRAN, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# SUSAN RICHLAK, ADMIN., ETC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-774490

**BEFORE:** McCormack, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 17, 2013

**ATTORNEYS FOR APPELLANTS**

Mark C. Lindsey
Christopher J. Van Blargan
Kisling, Nestico & Redick, L.L.C.
3412 West Market Street
Akron, OH 44333


**ATTORNEYS FOR APPELLEES**

**For Susan Richlak, Admin.**

Patrick M. Roche
Carrie L. Heindrichs
Davis & Young
1200 Fifth Third Building
600 Superior Ave., E.
Cleveland, OH 44114

**For Grange Insurance**

Jean A. Showalter
Law Office of Michael F. Farrell
55 Public Square
Suite 775
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Melvin Ejiogu, appeals the trial court's denial of his motion for relief from judgment. For the reasons that follow, we reverse.

**Procedural History and Substantive Facts**

{¶2} On January 26, 2012, Yoofi Ocran and Melvin Ejiogu filed suit against defendants-appellees, Susan Richlak, administrator of the estate of Enoch Tims III ("the estate"), and Grange Insurance ("Grange") for injuries sustained in an automobile accident.[1] Grange filed an answer and cross-claim with counterclaim for declaratory judgment on March 14, 2013. The estate filed its answer on April 4, 2012.

{¶3} On April 12, 2012, the trial court held a case management conference, during which the court scheduled a settlement conference for September 20, 2012, and a final pretrial for December 18, 2012. The court's entry provided that all parties with

---

[1]The complaint alleged that Ocran and Ejiogu sustained injuries due to the negligence of Enoch Tims III, the driver of the vehicle that struck them, while allegedly intoxicated. The complaint states that Ocran was the driver and Ejiogu was the passenger in the car that was struck. Tims passed away due to injuries sustained in the accident, and therefore, the complaint was filed against his estate. The complaint further alleged that Ocran and Ejiogu are insureds on a motor vehicle insurance policy issued by Grange and are entitled to benefits under the policy's uninsured/underinsured motorist coverage.

We note that the original complaint was initiated against Grange Insurance. Both "Grange Insurance" and "Grange Mutual Casualty Company" answered the complaint, with defense counsel identifying herself as "Attorney for Defendant Grange Insurance." The identity of the defendant-appellee is not an issue on appeal. For purposes of this opinion, we refer to defendant-appellee insurance company as "Grange."

settlement authority must appear in person for both dates. The court also provided the parties with discovery deadlines.

{¶4} Thereafter, the estate filed a motion to compel Ocran and Ejiogu to produce written discovery. On September 11, 2012, Ocran and Ejiogu filed a response to the estate's motion, stating that they had responded to the estate's discovery requests on September 7, 2012, and, therefore, the estate's motion to compel should be denied as moot. The trial court, however, granted the estate's motion on September 12, 2012, providing in its entry that the motion was "unopposed."

{¶5} The court's docket indicates that the settlement conference originally scheduled for September 20 was continued several times.[2] Initially, upon Ejiogu's request, the court continued the settlement conference until October 18, in order to allow the parties to discuss settlement offers. The trial court then continued the October 18 conference, this time upon request by the estate's counsel, to November 8, 2012. According to Ejiogu, the court continued this conference two days prior to its scheduled date. The docket indicates that a settlement conference was held on November 13, 2012, for which all counsel was present. Ejiogu, however, did not personally appear. Ejiogu claims that the November 8 conference date was rescheduled on that same day, due to the court's conflict.

---

[2]Prior to the scheduled settlement conference, Ocran and Ejiogu filed a notice of a partial voluntary dismissal of the underinsured motorist claim against Grange.

{¶6} Each time the settlement conference was continued, the court's order rescheduling the conference indicated that all parties with settlement authority must appear in person. The court's entry for the November 13 settlement conference further provided that "[a]ll parties are hereby on notice that failure to appear at any future court-scheduled event may result in dismissal of plaintiff's complaint or judgment being rendered against defendant * * *."

{¶7} The trial court held a final pretrial in this case on December 18, 2012, as previously scheduled, for which Ejiogu did not personally appear. The record shows that all counsel were present. According to Ejiogu, the court gave no indication to counsel during this pretrial that it would dismiss Ejiogu's claims.

{¶8} In his brief, Ejiogu submits that the reason for his failure to appear in person at the settlement conference or final pretrial is his relocation to New Jersey. Ejiogu states that due to injuries and subsequent treatment for the automobile accident for which Tims was responsible, he lost his job in Ohio and found a new position in New Jersey. He claims that his new job included strict time constraints and required frequent travel. Ejiogu provides that due to the multiple continuances of the settlement conferences and the short notice with which he was given, he was unable to attend the conference personally, despite his efforts to do so. Ejiogu states that he was available at all times by telephone.

{¶9} With respect to the final pretrial, Ejiogu claims that he received an installation contract for his job a few days before the date of the final pretrial. He was

unable to arrange for more time to complete his assignment in order to make a timely return to Ohio for the pretrial. He claims that he did not leave New Jersey because he was fearful of losing his job. Ejiogu's counsel states that when Ejiogu informed him of his inability to attend, it was too late to file a motion with the court on his behalf. Ejiogu contends, however, that he was available to attend the final pretrial by telephone.

{¶10} On January 7, 2013, the court dismissed Ejiogu's claims with prejudice for failure to prosecute. The order provided that all other claims remained pending. On March 13, 2013, Ejiogu filed a motion for relief from judgment, which was denied without further analysis. On May 1, 2013, the parties filed a stipulated dismissal entry with prejudice, resolving the remaining claims. Ejiogu's timely appeal follows.

## Assignment of Error

The trial court abused its discretion in dismissing Plaintiff-Appellant Melvin Ejiogu's case with prejudice for failure to prosecute after he failed to appear at the December 18, 2012 final pretrial when his counsel was present and he was at all times available by phone.

## Law and Analysis

{¶11} Ejiogu contends that the trial court erred in dismissing his case with prejudice for failure to prosecute.[3] The estate argues that the trial court's dismissal of Ejiogu's claims with prejudice was a valid exercise of its discretion.[4]

---

[3] Ejiogu filed a motion for relief from judgment pursuant to Civ.R. 60(B) on March 13, 2013, requesting the trial court vacate the judgment entered against him and convert the dismissal with prejudice to a dismissal without prejudice. In a footnote in his appellant's brief, however, Ejiogu provides that his motion for relief should be construed as a motion for reconsideration because the trial court's dismissal of January 7, 2013, did not dispose of all the claims and parties and was,

**{¶12}** The decision to dismiss a case under Civ.R. 41(B)(1) is within the discretion of the trial court. *Tarquinio v. Estate of Zadnik*, 8th Dist. Cuyahoga Nos. 95767 and 96246, 2011-Ohio-3980, ¶ 20, citing *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 1997-Ohio-203, 678 N.E.2d 530. This court's review of a dismissal under Civ.R. 41(B)(1), therefore, is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). This standard of review, however, is heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits. *Autovest, L.L.C. v. Swanson*, 8th Dist. Cuyahoga No. 88803, 2007-Ohio-21, ¶ 18.

**{¶13}** Civ.R. 41(B)(1) allows the trial court to involuntarily dismiss a party's claim for failure to prosecute:

---

therefore, not a final appealable order.

Ejiogu is correct in stating that a party may seek Civ.R. 60(B) relief only from a final judgment. *See Busa v. Lasorella*, 8th Dist. Cuyahoga No. 67980, 1995 Ohio App. LEXIS 1803 (May 4, 1995), citing *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 78, 486 N.E.2d 99 (1985). In this case, because the trial court's dismissal of Ejiogu's claims did not address the other claims, and its order specifically stated that "[a]ll other claims remain pending," Ejiogu's motion for relief was not an appropriate means by which to vacate the court's dismissal of his claims. The trial court may very well have denied Ejiogu's motion on this basis, because the court's order contained no specific written analysis for our review. The basis upon which Ejiogu filed his motion to request that his claims be restored, however, is immaterial to this court. Ejiogu has properly appealed this case, asserting that the trial court erred in dismissing his case with prejudice for failure to prosecute. For this reason, we address Ejiogu's appeal based upon a Civ.R. 41(B)(1) analysis.

[4] On this appeal, Grange asserts that Ejiogu's claims do not appear to present any uninsured/underinsured motorists coverage; however, to the extent they do, Grange joins in the arguments made by the estate. This court's analysis, therefore, applies equally to Grange.

Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

Under this rule, the dismissal "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3); *Jones* at 371.

{¶14} Before a trial court can dismiss a party's case for failure to prosecute under Civ.R. 41(B)(1), the record must show that the party had notice of the possibility of dismissal. *Mokrytzky v. Capstar Capital Corp.*, 8th Dist. Cuyahoga No. 91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 1995-Ohio-225, 647 N.E.2d 1361. This rule specifically applies to cases in which the court dismisses a case for a party's nonappearance at a pretrial. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 454 N.E.2d 951 (1983). The purpose of the notice is to provide the party in default an opportunity to explain the circumstances and provides reasons why the case should not be dismissed with prejudice. *Logsdon* at 128. The notice of dismissal "must be specific and not a general warning." *Shoreway Circle v. Gerald Skoch Co., L.P.A.*, 92 Ohio App.3d 823, 830, 637 N.E.2d 355 (8th Dist.1994).

{¶15} A dismissal with prejudice effectively contravenes the "basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti* at 3. Recognizing that a dismissal with prejudice is an extremely harsh sanction, it should, therefore, be reserved for cases in which "'"the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice

for a failure to prosecute or obey a court order.'"'" *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48, 684 N.E.2d 319 (1997), quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992), quoting *Schreiner v. Karson*, 52 Ohio App.2d 219, 223, 369 N.E.2d 800 (9th Dist.1977). Absent such extreme circumstances, a court must consider lesser sanctions before dismissing a case with prejudice. *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 1999-Ohio-92, 712 N.E.2d 729, citing *Jones*, 78 Ohio St.3d at 371-372, 1997-Ohio-203, 678 N.E.2d 530; *Autovest*, 8th Dist. Cuyahoga No. 88803, 2007-Ohio-3921, at ¶ 25; *Willis v. RCA Corp.*, 12 Ohio App.3d 1, 465 N.E.2d 924 (8th Dist.1983).

{¶16} Lesser sanctions that are available to the trial court when a party fails to appear at a hearing or a pretrial include: (1) a reprimand by the court; (2) a finding of contempt; (3) an order prohibiting the party or attorney from appearing in that court without different counsel in the future; and (4) a dismissal without prejudice. *Willis* at paragraph two of the syllabus. The power of the trial court to prevent undue delays and to control its calendars must be weighed against the policy that favors disposition of litigation on the merits. *Id.* at 3, citing *Link v. Wabash RR. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Moreover, a party's failure to appear at a pretrial does not justify "an order that plaintiff should forever lose his day in court." *Id.*

{¶17} In this case, we cannot find that Ejiogu's conduct was so negligent or irresponsible to warrant a dismissal of his claims with prejudice. While we are mindful that a party who files a complaint must be diligent and responsible in the matters of his or

her case, we find that under the circumstances of this case, a dismissal with prejudice is unduly harsh.

{¶18} The record in this case demonstrates that the settlement conference was continued several times. According to Ejiogu, the continuances of the October 18 and November 8 conferences were last minute — one was moved within two days of the date and the other was moved the same day of the scheduled conference, due to the court's unforeseen conflict. Ejiogu presented a valid explanation for his inability to attend these continued conferences: he now resided out of state and his new job prevented last minute travel arrangements to Ohio, despite his efforts to attend. Furthermore, Ejiogu was available by telephone, while his counsel attended each conference.

{¶19} With respect to the final pretrial of December 18, Ejiogu states that he received a new contract for his job just days before the pretrial and, once again, was unable to return to Ohio due to his employment. Ejiogu was again available by telephone, and his attorney attended the pretrial. According to Ejiogu, the court gave no indication to counsel during this pretrial that it would dismiss Ejiogu's claims.

{¶20} The record reflects that for each continuance, the trial court's orders stated that all parties with settlement authority must appear in person. The court's entry for the November 13 settlement conference further provided that "[a]ll parties are hereby on notice that failure to appear at any future court-scheduled event may result in dismissal of plaintiff's complaint or judgment being rendered against defendant * * *." The trial court's notice, however, did not specify that the dismissal would be with prejudice. Nor

did the trial court advise Ejiogu's counsel at the final pretrial, for which Ejiogu was not present, that it would dismiss Ejiogu's claims.

{¶21} This court has previously held that under similar circumstances, a trial court's dismissal with prejudice of a party's case was an abuse of discretion where the notice did not specify that dismissal would be with prejudice and the record did not demonstrate that the party deliberately disregarded the trial court's scheduling order or otherwise show that a dismissal with prejudice was warranted. *Youngblood v. Kindred Healthcare*, 8th Dist. Cuyahoga No. 94442, 2010-Ohio-4358.

{¶22} In *Youngblood*, the plaintiff and his attorney failed to appear at a case management conference scheduled by the court. Because Youngblood failed to appear, the court issued an order rescheduling the conference. In its order, the court indicated that "failure to appear may result in sanctions including the possibility of * * * dismissal." Youngblood failed to appear at the rescheduled conference, and the court dismissed his case on the merits. Youngblood's counsel moved for relief from judgment, claiming that he had recently replaced his assistant and she inadvertently failed to include the conference date on his calendar. The trial court denied the motion.

{¶23} We reversed the trial court on appeal, finding that a dismissal with prejudice is "an extremely harsh sanction and should be 'reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" *Youngblood* at ¶ 14, quoting *Autovest*, 8th Dist. Cuyahoga No. 88803,

2007-Ohio-3921, at ¶ 25. In so holding, we noted that the trial court's notice did not specify that the dismissal would be with prejudice, and the party's actions were not so egregious as to warrant dismissal with prejudice. *Id.* While we acknowledged that counsel's conduct "frustrates the legitimate interests of the court in administering its docket," we held that in such circumstances, a trial court should avail itself of lesser sanctions. *Id.* at ¶ 15.

{¶24} Likewise, in this case, the trial court's notice informed counsel of the possibility of dismissal, but it did not specify that dismissal would be with prejudice. Ejiogu, therefore, was denied the opportunity to explain the circumstances causing his nonappearance and why his case should not be dismissed with prejudice. *Logsdon*, 72 Ohio St.3d at 128, 1995-Ohio-225, 647 N.E.2d 1361.

{¶25} Moreover, there is no evidence in the record that Ejiogu's failure to appear at the settlement conference or the final pretrial was wilfully disobedient. On the contrary, Ejiogu claimed that his ability to attend the hearings was frustrated by his relocation to New Jersey, the short notice given for the rescheduled conferences, and his new employment. Ejiogu also provides that his counsel attended every conference, for which Ejiogu was available by telephone.

{¶26} Under these circumstances, the trial court should have first considered lesser sanctions before dismissing Ejiogu's claims with prejudice. Contrary to the estate's argument, the trial court's order stating that "all parties are on notice that failure to appear at any future court-scheduled event may result in dismissal of plaintiff's complaint" is not

a lesser available sanction.   Rather, it is a general warning of the possibility of dismissal.

**{¶27}** In light of the absence of egregious conduct or otherwise deliberate disregard for the trial court's orders herein, and the basic tenet of Ohio jurisprudence that cases should be decided on their merits, we find that the dismissal with prejudice was unreasonable and contravened the interests of justice.   Accordingly, the decision of the trial court is reversed.

**{¶28}** Ejiogu's sole assignment of error is sustained.

**{¶29}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR