[Cite as *Simmons v. Narine*, 2014-Ohio-2771.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100545**

---

## MICHAEL SIMMONS

PLAINTIFF-APPELLANT

vs.

## LAURA NARINE

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cleveland Municipal Court
Housing Division
Case No. 2012 CVH 020673

**BEFORE:** Rocco, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Ave.
Lakewood, Ohio    44107

**ATTORNEYS FOR APPELLEE**

Adam Doxsey
Frank P. Giaimo
Neil W. Siegel
24400 Chagrin Blvd., #300
Beachwood, Ohio    44122

KENNETH A. ROCCO, J.:

{¶1} This appeal is before the court on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiff-appellant Michael Simmons appeals the trial court's dismissal of his complaint with prejudice pursuant to Civ.R. 41(B)(1) after he failed to attend a court-ordered settlement conference. We find no merit to the appeal and affirm the trial court's judgment.

{¶2} On March 29, 2012, Simmons and Agnes Campbell entered into a one-year lease agreement with defendant-appellee Laura Narine relating to property Narine owned on 2222 West 105th St. in Cleveland, Ohio. On December 14, 2012, Simmons filed a complaint against Narine with the Cleveland Municipal Court, Housing Division. Simmons alleged that Narine had engaged in a "self help eviction," in violation of R.C. 5321.15(C), by locking Simmons out of the property and "preventing him from retrieving his chattels" after Narine had issued notices to Simmons and Campbell to leave the premises for nonpayment of rent. On January 18, 2013, Narine filed her answer, denying the allegations of the complaint and asserting various affirmative defenses.

{¶3} On April 1, 2013, the trial court held a pretrial conference. Both of the parties and their counsel attended the pretrial conference, but the parties were unable to reach a settlement. Accordingly, the trial court scheduled a settlement conference for July 10, 2013. In its June 4, 2013 judgment entry setting the settlement conference, the

trial court ordered both parties and their counsel to attend the settlement conference.   The

judgment entry further provided, in relevant part:

> **Failure of a party or counsel to attend may result in dismissal of the failing party's claim(s), immediate hearing of the opposing party's claims or other appropriate sanctions.**

{¶4} Although counsel appeared, neither of the parties appeared at the July 10,

2013 settlement conference.   Accordingly, the trial court rescheduled the  settlement

conference for September 9, 2013, once again ordering both parties and their counsel to

attend the settlement conference.   The July 16, 2013 judgment entry resetting the

settlement conference stated, in relevant part:

> This case came for settlement conference July 10, 2013 * * *. Counsel for the respective parties appeared.   The parties, themselves, did not appear notwithstanding an order of the court directing them to attend. **The absence of the parties and the inability of Plaintiff's counsel to speak with specificity about the claimed damages precluded substantive settlement discussions.**

> Accordingly, this case is reset for another **Settlement Conference** with respect to all pending claims * * *.

> **Both parties and counsel are required to attend.   * * * Failure of a party or counsel to attend may result in dismissal of a party's claims or immediate hearing of the opposing party's claims.** * * *

Simmons's counsel was also directed to bring to the conference "an itemized list and

valuation of [the] personal property claimed to have been lost" and to share the list with

Narine's counsel at least one week prior to the settlement conference.

> {¶5}  Plaintiff's counsel, Narine's counsel, and Narine (who had traveled from Virginia to attend the conference) appeared at the September 9, 2013 settlement conference.   Once again, Simmons, without notice or explanation, failed to appear for the settlement conference.   On September

19, 2013, the trial court dismissed Simmons's complaint with prejudice. In its September 19, 2013 judgment entry, the trial court explained its reasons for dismissing Simmons's complaint as follows:

Defendant came to the settlement conference from Virginia, but no substantive discussion could be held due to plaintiff's failure to appear. Plaintiff's counsel did not offer an explanation as to why plaintiff was not present, had not heard from plaintiff in nearly two months, and did not have settlement authority. The Court notes that plaintiff also failed to appear at the July 10, 2013 settlement conference. Finally, plaintiff and counsel failed to produce a list of lost property and valuation pursuant to the Judgment Entry of
July 16, 2013.

Plaintiff having failed to appear at the settlement conference, and for the reasons stated above, pursuant to the July 16, 2013 Judgment Entry, (which indicated that failure to appear at hearing may result in dismissal of the failing party's claims), plaintiff's monetary claims are hereby dismissed, with prejudice. * * *

{¶6} Simmons appealed the trial court's judgment, presenting the following assignment of error for review:

The trial court abused its discretion when it dismissed plaintiff's complaint with prejudice when it should have considered lesser sanctions.

{¶7} Because it is such a harsh sanction, "forever deny[ing] a plaintiff a review of a claim's merits," we review a trial court's decision to dismiss a case with prejudice pursuant to Civ.R. 41(B)(1) under a "heightened" abuse-of-discretion standard. *See, e.g., Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, ¶ 12, citing *Tarquinio v. Estate of Zadnik*, 8th Dist. Cuyahoga Nos. 95767 and 96246, 2011-Ohio-3980, ¶ 20, and *Autovest, L.L.C. v. Swanson*, 8th Dist. Cuyahoga No. 88803, 2007-Ohio-3921, ¶ 18. An abuse of discretion is more than an error of law or judgment, "it implies that the

court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶8}** Civ.R. 41(B)(1) provides:

Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

**{¶9}** Our review of the trial court's dismissal of Simmons's complaint involves two steps. First, we must determine whether the trial court provided sufficient notice prior to the dismissal. Second, we must determine whether the dismissal constituted an abuse of the trial court's discretion under the circumstances. *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 8, citing *Asres v. Dalton*, 10th Dist. Franklin No. 05AP-632, 2006-Ohio-507, ¶ 14.

**{¶10}** Simmons argues that the trial court's July 16, 2013 journal entry, listing "potential sanctions" the court might impose if a party failed to appear for the September 9, 2013 settlement conference, did not satisfy Civ.R. 41(B)(1)'s notice requirement. Rather, Simmons contends that, to comply with Civ.R. 41(B)(1), the trial court was required to give him notice, *after* the settlement conference, of its intent to dismiss his complaint with prejudice "for failure to explain his non-attendance."

**{¶11}** Before a trial court can properly dismiss a party's claim for failure to prosecute under Civ.R. 41(B)(1), the record must show that the party had notice of the possibility of dismissal. *Mokrytzky v. Capstar Capital Corp.*, 8th Dist. Cuyahoga No.

91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995). The purpose of the notice requirement is to provide a party who is in default of a court order an opportunity to correct or explain the circumstances of the party's default and to provide reasons why the case should not be dismissed with prejudice. *Id.*; *see also Youngblood v. Kindred Healthcare*, 8th Dist. Cuyahoga No. 94442, 2010-Ohio-4358, ¶ 13 ("The purpose of such notice is to allow a party to explain the circumstances causing his or her nonappearance and why the case should not be dismissed with prejudice."). Civ.R. 41(B)(1)'s notice requirement is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). What constitutes notice and an opportunity to be heard regarding a proposed dismissal is examined on a case-by-case basis. *Hill v. Marshall*, 10th Dist. Franklin No. 12AP-805, 2013-Ohio-5538, ¶ 8. "'[T]he notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances.'" *Sazima v. Chalko,* 86 Ohio St.3d 151, 155, 712 N.E.2d 729 (1999), quoting *Quonset* at 49; *see also Walker* at ¶ 7. "[O]nce notice is given that a dismissal with prejudice is a possibility," the party need not be given "a second chance to comply with the court's order." *Mokrytzky* at ¶ 13, citing *Shoreway Circle v. Gerald Skoch Co., L.P.A.*, 92 Ohio App.3d 823, 637 N.E.2d 355 (8th Dist.1994).

{¶12} In this case, the record reflects that the trial court provided sufficient notice to Simmons and his counsel of the possibility that the trial court would dismiss his

complaint if he did not appear at the September 9, 2013 settlement conference. Simmons's absence from the September 9, 2013 settlement conference was not his first "no show" in the case. He also failed to attend the July 10, 2013 settlement conference. The trial court clearly and unambiguously stated in its June 4, 2013 judgment entry setting the July 10, 2013 settlement conference that "[f]ailure of a party or counsel to attend [the settlement conference] may result in dismissal of a party's claims." After Simmons and Narine both failed to attend the July 10, 2013 settlement conference — despite being explicitly ordered by the court to do so — the trial court gave them each an opportunity to correct their "prior default" and rescheduled the settlement conference for September 9, 2013. In its July 16, 2013 judgment entry resetting the settlement conference, the trial court, once again, notified counsel and the parties that "[f]ailure of a party or counsel to attend [the settlement conference] may result in dismissal of a party's claims." Although the judgment entry did not specifically state that the trial court would dismiss his complaint "with prejudice" if Simmons failed to appear, it is well established that a Civ.R. 41(B)(1) dismissal "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3); *see also McGrath v. Bassett,* 196 Ohio App.3d 561, 2011-Ohio-5666, 964 N.E.2d 485, ¶ 24-26 (8th Dist.) (where court put plaintiff on notice that "failure to appear as ordered may result in sanctions including dismissal and/or judgment," and plaintiff thereafter failed to appear both at the final pretrial conference and a subsequent conference arranged by court at

plaintiff's request, trial court did not abuse its discretion in dismissing plaintiff's case with prejudice).

{¶13} Further, although there is no transcript of the September 9, 2013 settlement conference in the record, the trial court's September 19, 2013 journal entry reporting on the settlement conference suggests that plaintiff's counsel, at that time, had both an opportunity to explain Simmons's failure to appear and an opportunity to be heard as to whether plaintiffs' complaint should be dismissed. *See Ham v. Park,* 110 Ohio App.3d 803, 809, 675 N.E.2d 505 (8th Dist.1996) (where referee's report indicated that plaintiff's counsel was present at hearing, since no transcript was provided of the hearing, it was presumed that plaintiff's counsel had an opportunity to respond at that time to notice of intended dismissal, such that notice required under Civ.R. 41(B)(1) was provided).

{¶14} The record reflects that Simmons and his counsel were given ample prior notice that dismissal of Simmons's complaint was a possibility if Simmons failed to appear at the September 9, 2013 settlement conference as well as an opportunity (1) to correct or explain Simmons's nonappearance and (2) to argue why the case should not be dismissed for Simmons's failure to comply with the court's trial orders. Having given this notice, the trial court was not again required, *after* the September 9, 2013 settlement conference, to give Simmons yet another chance to avoid dismissal and "explain his nonappearance" in order to comply with Civ.R. 41(B)(1). *Mokrytzky*, 2009-Ohio-238 at ¶ 13 (where plaintiff's counsel did not appear at hearing, did not provide the court with notice or a reason why he would be unable to attend the hearing, and the trial court in a

journal entry advising parties of hearing date clearly stated that "[i]f plaintiff's counsel fails to appear, case will be dismissed with prejudice for failure to prosecute," plaintiff's counsel was precluded from arguing that he should be provided an opportunity to assert why he was not present at the hearing because that "would be allowing him 'a second bite at the apple'"), citing *Shoreway Circle,* 92 Ohio App.3d 823, 637 N.E.2d 355.

{¶15} Simmons also argues that dismissal of his complaint with prejudice was "too punitive a measure to impose on him" for failure to attend a settlement conference and that the trial court abused its discretion in dismissing his complaint with prejudice "without considering less drastic alternatives" such as a dismissal without prejudice.   We disagree.

{¶16} Dismissal with prejudice is an extremely harsh sanction.  *Willis v. RCA Corp.,* 12 Ohio App.3d 1, 465 N.E.2d 924 (8th Dist.1983), paragraph one of the syllabus ("Dismissal with prejudice for nonappearance is a drastic remedy which should be used sparingly and in extreme situations").   It is reserved for cases in which a party's conduct "'falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party,'" *Sazima,* 86 Ohio St.3d at 158, 712 N.E.2d 729, quoting *Moore v. Emmanuel Family Training Ctr., Inc.,* 18 Ohio St.3d 64, 70, 479 N.E.2d 879 (1985) — in other words, conduct "'so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice.'"   *Quonset*, 80 Ohio St.3d at 48, 684 N.E.2d 319, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936

(1992). Absent such extreme circumstances, a court must consider lesser sanctions before dismissing a case with prejudice. *Sazima* at 158, citing *Jones v. Hartranft*, 78 Ohio St.3d 368, 371-372, 678 N.E.2d 530 (1997); *Autovest*, 2007-Ohio-3921 at ¶ 25. Lesser sanctions that are available to the trial court when a party fails to appear at a conference or hearing include: (1) a reprimand by the court; (2) a finding of contempt; (3) an order prohibiting the party or attorney from appearing in that court without different counsel in the future; (4) an order to pay the opposing party's expenses or attorney fees; and (5) a dismissal without prejudice. *See, e.g., Willis* at paragraph two of the syllabus; *Youngblood*, 2010-Ohio-4358 at ¶ 15.

{¶17} In considering whether dismissal is warranted for a party's lack of prosecution, a trial court may take into account the entire history of the litigation, including a party's prior dilatory conduct. *Jones* at 372. A trial court's orders are not to be taken lightly. *Shoreway Circle*, 92 Ohio App.3d at 832, 637 N.E.2d 355. The harsh remedy of dismissal with prejudice is warranted where the record shows that a party has repeatedly, deliberately and without explanation, failed to comply with the trial court's orders. In *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982), syllabus, the Ohio Supreme Court held that "it is not an abuse of discretion for the trial court to dismiss an action, with prejudice, for lack of prosecution" where "a plaintiff voluntarily fails to appear at a hearing, without explanation, [after] the court has directed him to be present and his location is unknown" even to his counsel. In *Pembaur*, the plaintiff failed to attend a status conference, leading the defendants to file a motion to dismiss for failure to

prosecute. When the plaintiff failed to attend the hearing on the motion, after the trial court notified him he was required to attend the hearing, the court dismissed his action with prejudice. The court of appeals reversed, holding that the trial court should have dismissed the action without prejudice. However, the Ohio Supreme Court upheld the trial court's decision, holding that, under the circumstances, the trial court did not abuse its discretion in dismissing the case with prejudice. "'Where a plaintiff fails to totally appear, * * * a dismissal with prejudice may be proper for such a failure indicates a lack of interest in pursuing the case.'" *Id.* at 91, quoting *Schreiner, supra*.

{¶18} This case is quite similar to *Pembaur*. In this case, the trial court ordered Simmons to attend the July 10, 2013 settlement conference, advising him that if he failed to appear, his case could be dismissed. When Simmons did not appear, the court rescheduled the settlement conference for September 9, 2013, once again advising Simmons that if he failed to appear, the trial court could dismiss his case. Despite the court's warnings, Simmons once again failed to appear. Simmons did not file a motion for continuance of the September 9, 2013 settlement conference; there is nothing in the record indicating that he otherwise notified anyone that he would not be appearing for the settlement conference; and he extended no settlement authority to his counsel in his absence. Simmons likewise failed to comply with the court's order to produce an itemized list and valuation of the property he claimed to have lost due to Narine's alleged "self help eviction." As a result, although Narine traveled from Virginia to attend the settlement conference, no substantive discussions could be had. Simmons has never

offered any explanation for his failure to appear at the court-ordered settlement conference, and there is nothing in the record to suggest that his failure to appear at the conference was anything other than a deliberate, voluntary act on his part.

{¶19} In considering whether the trial court abused its discretion in dismissing Simmons's complaint with prejudice, we are mindful of this court's prior decisions in cases such as *Willis v. RCA Corp.,* 12 Ohio App.3d 1, 465 N.E.2d 924 (8th Dist.1983), *Youngblood v. Kindred Healthcare*, 8th Dist. Cuyahoga No. 94442, 2010-Ohio-4358, and *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, in which this court held that, under the circumstances in those cases, a party's failure to appear at a hearing or pretrial conference "did not justify an order that plaintiff should forever lose his day in court."  In those cases, however, there was nothing in the record that suggested that the plaintiff "was dilatory or irresponsible in pursuing his cause of action," that the plaintiff's failure to appear  was "deliberate or rebellious," or that there was any other "egregious conduct."   To the contrary, in each of those cases, the failure to appear was explained as resulting from excusable neglect or other extenuating circumstances that the trial court determined reasonably justified the failure to appear.  *See, e.g., Willis, supra* (trial court abused its discretion in dismissing plaintiff's complaint with prejudice where, although he had four months' prior notice of hearing, plaintiff inadvertently forgot to note the hearing in his calendar); *Youngblood, supra* (trial court abused its discretion in dismissing plaintiff's complaint with prejudice based on his counsel's failure to appear at case management conference where counsel had just replaced his assistant and nonappearance

was allegedly due to assistant's inadvertent failure to include the conference on his calendar); *Ocran, supra* (trial court abused its discretion in dismissing plaintiff's complaint with prejudice for failure to appear at settlement and pretrial conferences where plaintiff presented a "valid explanation" for his inability to attend the conferences, i.e., he resided out of state and was unable to return to Ohio due to his employment, his counsel attended the settlement and pretrial conferences, and plaintiff was available by telephone). No similar facts exist in this case.

{¶20} Although disposition of cases on their merits is favored, and a dismissal with prejudice is a harsh sanction, we cannot say, based on the particular facts in this case, that the trial court abused its discretion in dismissing Simmons's complaint with prejudice. Nothing in the record suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Accordingly, Simmons's sole assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR