[Cite as *N. Electric, Inc. v. Amsdell Constr., Inc.*, 2013-Ohio-5433.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99775**

---

# NORTHERN ELECTRIC, INC.

### PLAINTIFF-APPELLEE

vs.

# AMSDELL CONSTRUCTION, INC., ET AL.

### DEFENDANTS-APPELLEES

[Appeal by Target Screen, L.L.C.]

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-330232

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEY FOR APPELLANT**

David A. Corrado
Skylight Office Tower, Suite 410
1660 West Second Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Amsdell Construction, et al.**

Eugene I. Selker
Selker & Associates, Ltd.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139

**For Arbitrator**

Joseph W. Pappalardo
Gallagher Sharp
7th Floor Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

**For Brian A. Hurtuk**

Yelena Boxer
Bill J. Gagliano
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113-1448

**For Edward Hurtuk, et al.**

David W. Mellott
Benesch, Friedlander, Coplan,& Aronoff, L.L.P.
200 Public Square
Cleveland, Ohio 44114-2378

EILEEN T. GALLAGHER, J.:

{¶1} Appellant Target Screen, L.L.C. ("Target") appeals a judgment of the common pleas court that granted third-party defendant Brian A. Hurtuk's ("Hurtuk") motion to dismiss. We find no merit to the appeal and affirm.

{¶2} This case arises from a contract dispute involving the construction of a commercial building for Target. The original complaint, which was filed in February 1997, named Target as a defendant. Target filed third-party claims against: the builder, Amsdell Construction, Inc. ("Amsdell"); Brian Hurtuk, former employee of Amsdell; the architect, Randal Smith and Davidson Smith Certo Architects (collective "Davidson"); and Target's lawyer, Edward Hurtuk and his law firm Benesch, Friedlander, Coplan & Aronoff L.L.P. (collectively "Benesch").

{¶3} In response to the third-party complaint, Amsdell, Hurtuk, and Davidson filed motions to compel arbitration before the American Arbitration Association ("AAA") pursuant to written contracts governing the parties' relationships. On April 28, 1998, the trial court referred the case to arbitration and stayed litigation pending the arbitration. Over a year later, on July 27, 1999, arbitration had not commenced, and Amsdell filed a demand for arbitration against Target for payment of money owed on the parties' contract totaling $74,737.56. Target filed an answering statement asserting a counterclaim for $250,000. Target and Davidson initiated arbitration proceedings against each other but Target never initiated arbitration against Hurtuk.

{¶4} On October 29, 2001, Target, Amsdell, and Davidson were unhappy with the significant cost of AAA arbitration and executed a Consolidated Agreement and Substitute Arbitration Agreement ("Substitute Agreement"). The Substitute Arbitration Agreement acknowledged that Target, Amsdell, and Davidson, had previously commenced two separate arbitration proceedings before AAA and indicated that "all claims and counterclaims made by any party to the pending arbitration proceedings" were consolidated into a single action.

{¶5} In 2002, upon request, the trial court held a status conference at which Target argued the matter should be remanded to the trial court for trial instead of arbitration. On October 2, 2002, the trial court again ordered the case be submitted to arbitration. In response to this arbitration order, Target filed a motion seeking dismissal of arbitration, arguing the underlying arbitration contract was invalid. Target argued the Substitute Agreement had been an enforceable contract but that the agreement was no longer valid due to a lapse in the time guidelines. The trial court determined the Substitute Agreement was a valid and enforceable arbitration agreement and that "the agreement to arbitrate was signed by all the parties." This court affirmed the trial court's judgment. *N. Elec., Inc. v. Amsdell Constr., Inc.*, 8th Dist. Cuyahoga No. 85293, 2005-Ohio-4134, ¶ 11.

{¶6} In May 2012, when Hurtuk filed a motion to dismiss in the common pleas court, arbitration proceedings between Amsdell and Target were still pending. Hurtuk argued that since Target failed to initiate arbitration proceedings against him, he should

be dismissed from the litigation for failure to prosecute pursuant to Civ.R. 41(B)(1). Target responded to the motion, arguing that the common pleas court lacked jurisdiction to rule on Hurtuk's motion because all procedural issues must be decided by the arbitrator once arbitration has been ordered. Target also argued that Hurtuk always was and continues to be a party to the pending arbitration. The trial court granted Hurtuk's motion. Target now appeals and raises two assignments of error.

## Jurisdiction

{¶7} In the first assignment of error, Target argues the trial court lacked jurisdiction to rule on Hurtuk's motion to dismiss because the determination as to whether Hurtuk was a party to the pending arbitration is a procedural issue that must be decided by the arbitrator. Target also contends that despite Hurtuk's arguments to the contrary, he was and is a party to the Substitute Agreement because, in an order dated August 27, 2004, the trial court found that "the agreement to arbitrate was signed by all parties."

{¶8} However, even if Hurtuk was a party to the Substitute Agreement, there is no evidence that Target ever initiated arbitration proceedings against him despite the trial court's order referring the case to arbitration almost 14 years ago. Target, as the plaintiff, bears the burden of commencing the arbitration action. *Capital One Bank (USA) N.A. v. Rotman*, 8th Dist. Cuyahoga No. 96891, 2012-Ohio-480, ¶ 9. "Indeed, it would be nonsensical to require a defendant to commence arbitration of a claim against himself." *Id.*

**{¶9}** The trial court granted Hurtuk's motion to dismiss pursuant to Civ.R. 41(B), which states in relevant part that

> [w]here a plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

The Ohio Supreme Court has held that the failure to attend a hearing at which the trial court had directed a party to appear may be considered by that court as a failure to prosecute, resulting in a Civ.R. 41(B)(1) involuntary dismissal. *Pembaur v. Leis*, 1 Ohio St.3d 89, 437 N.E.2d 1199 (1982), syllabus. This authority is based on the court's power to manage and administer its own docket and to ensure the orderly and expeditious disposition of cases. *Id.* at 91, quoting *Link v. Wabash RR. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The court's inherent power to control its docket includes the discretionary power to dismiss actions as a sanction for disregarding court orders or failing to prosecute. Civ.R. 41(B)(1); *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997).

**{¶10}** Despite the trial court's orders in 1998 and 2004 requiring Target to arbitrate its claims against Hurtuk, Target never initiated arbitration against him. Target was therefore in violation of the court's orders, and the trial court retained jurisdiction to determine whether Target's failure to initiate arbitration constituted grounds for dismissal for failure to prosecute.

**{¶11}** Therefore, the first assignment of error is overruled.

### Judicial Estoppel

{¶12} In the second assignment of error, Target argues Hurtuk is estopped from arguing that Target's claim should be dismissed for failure to prosecute. They contend that because Hurtuk's actions manifested an intent to be included in the arbitration process, he is "estopped from denying his corresponding obligation to arbitrate."

{¶13} However, whether Target had a claim against Hurtuk that was subject to arbitration is not the issue. Hurtuk concedes that he originally requested arbitration. Now more than 14 years have passed since the court originally referred the case to arbitration. Over eight years have passed since this court affirmed the trial court's second order referring the case to arbitration, and Target has still not commenced any arbitration action against Hurtuk.

{¶14} The greater the delay in prosecution, the greater the risk of prejudice to the defendant. Unnecessary delay increases the risk that witnesses' memories will fade and evidence will become stale. *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Thus, "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. New York*, 992 F.2d 458, 462 (2d Cir.1993). *See also Laurino v. Syringa Gen. Hosp*., 279 F.3d 750, 753 (9th Cir.2002) (A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute).

{¶15} Target has not provided any justifiable reason for its delay in prosecuting Hurtuk in arbitration. Nor has it produced any evidence that Hurtuk has been involved in any pending arbitration proceeding. Hurtuk might have been estopped from seeking

dismissal of arbitrable claims years ago, but after years of delay, fairness dictates that Target's claims against him be dismissed.

**{¶16}** The second assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR