[Cite as *Garofolo v. West Bay Care & Rehab. Ctr.*, 2021-Ohio-1883.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RAYMOND GAROFOLO,                          :

    Plaintiff-Appellant,               :

                                 No. 109740

    v.                                 :

WEST BAY CARE AND
REHABILITATION CENTER, ET AL.,    :

    Defendants-Appellees.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 3, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-876967

---

### *Appearances:*

Obral, Silk & Pal, L.L.C., and Thomas J. Silk, *for appellant.*

Reminger Co., L.P.A., Brian D. Sullivan, and Erin Siebenhar Hess, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Raymond Garofolo ("Garofolo"), appeals the dismissal of his complaint with prejudice and claims the following error:

> The trial court erred in dismissing the plaintiff/appellant's case with prejudice.

**{¶ 2}** We find no merit to the appeal and affirm.

## I. Facts and Procedural History

**{¶ 3}** In March 7, 2017, Garofolo, individually and as the administrator of the estate of Florence Norma Jean Garofolo, filed a complaint against West Bay Care and Rehabilitation Center ("West Bay") and various John Doe defendants, alleging wrongful death and a survivorship claim. Garofolo alleged that West Bay was negligent in its care and treatment of his wife while she was a resident at West Bay's skilled nursing facility and that she died as a result of the negligence on March 7, 2015.

**{¶ 4}** Civ.R. 10(D)(2) states that "a complaint that contains a medical claim * * *, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Civ.R. 10(D)(2)(a). Garofolo did not attach an affidavit of merit to the complaint. Instead, he filed a motion for more time to file the affidavit of merit as permitted by Civ.R. 10(D)(2)(b). Garofolo stated in the motion that "[w]hile partial medical records have been obtained and reviewed by an intended expert, it is not certain whether the complete medical records have been submitted to the Plaintiff pre-suit." In addition, Garofolo explained that the records that had been submitted spanned the course of several years and were "very voluminous." Therefore, Garofolo requested an additional 60 days within which to submit all affidavits of merit.

{¶ 5} West Bay opposed the motion for extension of time, arguing that Garofolo failed to establish good cause for additional time within which to submit an affidavit of merit. In ruling on the motion, the trial court found that Garofolo failed to satisfy the factors set forth in Civ.R. 10(D)(2)(b) for demonstrating good cause for an extension of time. The court nevertheless took judicial notice of the fact that the complaint was filed on the last day of the statute of limitations and found that Garofolo's representation that the medical records that had been produced spanned several years and were voluminous was sufficient to satisfy the requirement of good cause under Civ.R. 10(D)(2)(c)(v). As such, the trial court granted Garofolo an additional 30 days to file an affidavit of merit.

{¶ 6} Meanwhile, West Bay filed a motion to stay proceedings pending arbitration pursuant to the parties' mandatory arbitration agreement. Garofolo did not oppose the motion, and trial court granted the motion to stay as unopposed on April 24, 2017. The trial court's judgment granting the stay indicated that the case was removed from the active docket and that the case would be returned to the active docket upon motion. (Judgment entry dated Apr. 24, 2017.)

{¶ 7} Approximately three years later, on April 6, 2020, West Bay filed a motion to dismiss for failure to prosecute, arguing that Garofolo failed to commence arbitration proceedings for almost three years. Therefore, West Bay asked the court to dismiss Garofolo's complaint with prejudice for failure to prosecute. West Bay argued that the unreasonable and unnecessary delay in commencing arbitration proceedings prejudiced West Bay's ability to defend itself. West Bay asked the trial

court to "lift the stay pending arbitration, and issue an order under Civ.R. 41(B), dismissing plaintiff's complaint for failure to prosecute, with prejudice."

{¶ 8} Garofolo opposed the motion to dismiss, arguing that West Bay's motion was premature because the court had not lifted its stay and, therefore, any ruling on the motion to dismiss would be void. Garofolo further asserted that although partial medical records had been obtained and reviewed, he was waiting for more complete records before proceeding with arbitration. Finally, Garofolo argued that, to the extent dismissal was appropriate, the dismissal should be without prejudice in accordance with *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 16.

{¶ 9} West Bay filed a reply brief in support of its motion to dismiss. West Bay argued that its motion to dismiss was not premature because it had specifically asked the court to lift the stay for purposes of dismissing the complaint for failure to prosecute. West Bay asserted that it would be prejudiced if Garofolo were permitted to proceed with his claim three years after the stay and five years after the alleged negligence occurred. West Bay also argued that because Ohio law places the burden on the plaintiff to commence arbitration when a dispute is subject to arbitration, his claim that he was waiting for additional medical records lacked merit. Finally, West Bay asserted that the *Fletcher* decision was distinguishable from the instant case and that legal authority supports a dismissal of claims with prejudice for failure to initiate an arbitration proceeding.

**{¶ 10}** The trial court returned the case to its active docket and, in the same judgment entry, dismissed the complaint with prejudice for failure to prosecute. Garofolo now appeals the dismissal of his complaint with prejudice.

## II. Law and Analysis

**{¶ 11}** In the sole assignment of error, Garofolo argues the trial court erred in dismissing his complaint with prejudice. He contends a dismissal with prejudice was unduly harsh where there was no evidence of "a flagrant, substantial disregard for court rules." (Appellant's brief p. 5-6.)

**{¶ 12}** A dismissal for failure to prosecute is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997). "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, Slip Opinion No. 2020-Ohio-6699, ¶ 19.

**{¶ 13}** However, we apply a heightened abuse-of-discretion standard where a case is dismissed with prejudice. *See, e.g., Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997) ("[A]lthough reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits."); *Simmons v. Narine*, 2014-Ohio-2771, 15 N.E.3d 1206, ¶ 7 (8th Dist.) ("Because it is such a harsh sanction, 'forever deny[ing] a plaintiff a review of a claim's merits,' we review a trial court's decision to dismiss a case with prejudice

pursuant to Civ.R. 41(B)(1) under a 'heightened' abuse-of-discretion standard."), quoting *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, ¶ 12.

{¶ 14} Civ.R. 41(B) governs dismissals for failure to prosecute. As relevant here, Civ.R. 41(B)(1) provides:

> Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 15} Before a trial court may dismiss a complaint for failure to prosecute under Civ.R. 41(B)(1), the record must show that the plaintiff had notice that dismissal of the complaint was a possibility. *Mokrytzky v. Capstar Capital Corp.*, 8th Dist. Cuyahoga No. 91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995). "The purpose of the notice requirement is to provide a party who is in default of a court order an opportunity to correct or explain the circumstances of the party's default and to provide reasons why the case should not be dismissed with prejudice." *Whipple v. Estate of Prentiss*, 8th Dist. Cuyahoga No. 108659, 2020-Ohio-2825, ¶ 17, citing *Mokrytzky* at ¶ 12*; see also Youngblood v. Kindred Healthcare*, 8th Dist. Cuyahoga No. 94442, 2010-Ohio-4358, ¶ 13 ("The purpose of such notice is to allow a party to explain the circumstances causing his or her nonappearance and why the case should not be dismissed with prejudice.").

{¶ 16} The notice requirement set forth in Civ.R. 41(B)(1) is satisfied "'when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.'" *Whipple* at ¶ 17, quoting *Quonset Hut,* 80

Ohio St.3d at 49, 684 N.E.2d 319. What constitutes notice of a possible dismissal is analyzed on a case-by-case basis. *Id.*, citing *Hill v. Marshall*, 10th Dist. Franklin No. 12AP-805, 2013-Ohio-5538, ¶ 8. And, Civ.R. 41(B)(1) does not require actual notice; notice may be implied when reasonable under the circumstances. *Id.*, citing *Sazima v. Chalko*, 86 Ohio St.3d 151, 155, 712 N.E.2d 729 (1999).

{¶ 17} Garofolo received notice that dismissal was a possibility when he was served with West Bay's motion to dismiss for failure to prosecute. Indeed, Garofolo filed a brief in opposition to the motion to dismiss, arguing that he was waiting for more records and that, if the case had to be dismissed, the dismissal should be without prejudice. Therefore, Garofolo had actual notice of a possible dismissal of his complaint and an opportunity to be heard before the trial court dismissed the complaint with prejudice. Indeed, courts have held that a defendant's motion requesting dismissal satisfies the notice requirement. *See, e.g., Wells Fargo Fin. Leasing, Inc. v. Trio Transp., Inc.*, 7th Dist. Jefferson No. 04 JE 33, 2005-Ohio-4687, ¶ 42, citing *Sazima* at 155.

{¶ 18} Garofolo argues the trial court erred in dismissing his complaint with prejudice on grounds that he failed to commence arbitration proceedings since there was no court-established deadline by which he was required to commence arbitration. Therefore, he argues, he did not violate any court order that would warrant a dismissal with prejudice.

{¶ 19} However, R.C. 2711.02(B), which governs the stay of court proceedings pending arbitration, does not require the trial court to set such deadlines.  R.C. 2711.02(B) states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referrable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Moreover, because Garofolo initiated this lawsuit, he had the duty to commence the arbitration proceedings.  *Kessinger v. SR83 Hotel Partners, L.L.C.,* 5th Dist. Ashland No. 04 CA 83, 2005-Ohio-4110, ¶ 21 (holding that the party who files the lawsuit has the duty to go forward with arbitration as part of his burden of proving that he is entitled to the requested relief).

{¶ 20} In *Kessinger*, the trial court granted a defense motion to dismiss and dismissed a complaint with prejudice because the plaintiff failed to commence arbitration proceedings within five months of the court-ordered arbitration.  *Id.* at ¶ 6, 21.  In affirming the dismissal, the Fifth District explained that "the Revised Code does not require the trial court, when it stays a case for arbitration, to include a time frame within which the arbitration is to occur."  *Id.* at ¶ 27.

{¶ 21} Garofolo seems to concede that dismissal may have been an appropriate sanction for his delay in prosecuting his case, but asserts the dismissal should have been without prejudice because dismissal with prejudice is an extremely

harsh sanction that forecloses any possible recovery. West Bay, on the other hand, asserts it would be prejudiced if Garofolo is permitted to prosecute his claims after a three-year delay since the case was stayed and a five-year delay since the alleged negligence occurred.

{¶ 22} We have held that the greater the delay in prosecution, the greater the risk of prejudice to the defendant. *N. Elec., Inc. v. Amsdell Constr., Inc.*, 8th Dist. Cuyahoga No. 99775, 2013-Ohio-5433, ¶ 14. Unnecessary delay increases the risk that witnesses' memories will fade and evidence will become stale. *Id.*, citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Thus, we have held that "'prejudice resulting from unreasonable delay may be presumed as a matter of law.'" *Id.*, quoting *Peart v. New York*, 992 F.2d 458, 462 (2d Cir.1993). *See also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir.2002) (A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.).

{¶ 23} Garofolo argues he needed more time to obtain relevant medical records, but he fails to explain why it has taken so many years to obtain them. He also fails to provide any other reason for his failure to initiate arbitration. In balancing the parties' respective interests, we find it unfair to allow West Bay to suffer prejudice caused by Garofolo's delay in prosecuting his case when he fails to provide a justifiable explanation for the delay.

{¶ 24} Garofolo received notice that dismissal was a possibility, was given an opportunity to be heard, and failed to provide a justifiable reason for the delay in prosecution. We, therefore, cannot say that the trial court abused its discretion by

dismissing his complaint with prejudice for failure to prosecute under these circumstances.

**{¶ 25}** The sole assignment of error is overruled.

**{¶ 26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR