[Cite as *Childs v. Midwest Laundry Inc.*, 2023-Ohio-3505.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| GEROME M. CHILDS | : | |
| | : | |
| Appellant | : | C.A. No. 29783 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 04653 |
| | : | |
| MIDWEST LAUNDRY INC, ET AL. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 29, 2023

. . . . . . . . . . .

GEROME M. CHILDS, Appellant, Pro Se

ROBIN A. JARVIS, Attorney for Appellee, Ohio Dept. of Job and Family Services

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Gerome M. Childs appeals from the trial court's dismissal of his administrative appeal from a decision of the Ohio Unemployment Compensation Review Commission for failure to prosecute pursuant to Civ.R. 41(B)(1). For the reasons outlined below, we affirm the judgment of the trial court.

**I.     Factual and Procedural Background**

{¶ 2} In October 2022, Childs filed his pro se notice of administrative appeal in the

trial court from a final decision of the Ohio Unemployment Compensation Review Commission. On January 6, 2023, the trial court issued a briefing schedule with respect to Childs's appeal, providing that Childs's merit brief was due on or before February 3, 2023.

{¶ 3} Childs did not file a merit brief in support of his appeal. On February 13, 2023, Appellee Ohio Department of Job and Family Services (ODJFS) filed a motion to dismiss for failure to prosecute; it certified that a copy of its motion to dismiss had been sent to Childs. Childs failed to respond to the motion to dismiss and, on March 27, 2023, the trial court granted ODJFS's motion to dismiss, dismissing the matter without prejudice pursuant to Civ.R. 41(B)(1).

{¶ 4} Childs then filed his notice of appeal to this court, asserting that he had been given no notice regarding dismissal for failure to prosecute. In his brief, Childs argues the merits of his administrative appeal.   Specifically, Childs contends that he was receiving unemployment benefit payments after he became unemployed following the closure of his former employer, Midwest Laundry, Inc., and that ODJFS had recalculated his unemployment benefit, concluding that he had been overpaid and requesting return of the funds.

## II.    Assignment of Error

{¶ 5} Childs does not specifically assert any assignment of error in his brief but appears to suggest that ODJFS's decision with regard to his unemployment benefits was unreasonable, unlawful, or against the manifest weight of the evidence. However, the trial court dismissed Childs's administrative appeal for failure to prosecute, as Childs did not

file his merit brief in accordance with the trial court's briefing schedule; thus, the merits of Childs's administrative appeal are not at issue before this court. At issue is whether the trial court erred in dismissing Childs's administrative appeal without prejudice for failure to prosecute pursuant to Civ.R. 41(B)(1).

{¶ 6} Civ.R. 41(B)(1) authorizes a trial court to dismiss an action for the plaintiff's failure to prosecute and provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 7} Before a trial court may dismiss an action for failure to prosecute under Civ.R. 41(B)(1), the record must show that the plaintiff had notice that dismissal was a possibility. *See Saunders v. Greater Dayton Regional Transit Auth.*, 2d Dist. Montgomery No. 29573, 2023-Ohio-1514, ¶ 30, citing *Garofolo v. West Bay Care and Rehab. Ctr.*, 8th Dist. Cuyahoga No. 109740, 2021-Ohio-1883, ¶ 15. "[W]hen a defendant files a motion to dismiss for want of prosecution, and the court affords the plaintiff the opportunity to respond, the notice requirement of Civ.R. 41(B)(1) is satisfied." *Shafron v. Erie Rd. Dev. Co.*, 8th Dist. Cuyahoga No. 90675, 2008-Ohio-3813, ¶ 15, citing *Quonset Hut v. Ford Motor Company*, 80 Ohio St.3d 46, 48-49, 684 N.E.2d 319 (1997); *see also Sazima v. Chalko,* 86 Ohio St.3d 151, 156, 712 N.E.2d 729 (1999) (finding that a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal).

{¶ 8} "The decision to dismiss an action pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court." *Harden v. City of Dayton*, 2d Dist. Montgomery No. 22072, 2008-Ohio-1599, ¶ 24, citing *Jones v. Hartranft,* 78 Ohio St.3d 368, 371, 678

N.E.2d 530 (1997). "Appellate review of a dismissal under Civ.R. 41(B)(1) is limited to determining whether the trial court abused its discretion." *Id.* "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** ODJFS moved to dismiss Childs's administrative appeal for failure to prosecute and, in doing so, served Childs with its Civ.R. 41(B) motion. The filing and serving of ODJFS's motion effectively notified Childs of the potential for dismissal and provided Childs one last chance to obey the court's scheduling order. Upon our review, we find that the trial court's dismissal of Childs's action for lack of prosecution was accomplished with prior notice to Childs, and, thus, under these circumstances, we cannot say that the trial court erred and abused its discretion in dismissing Childs's administrative appeal without prejudice for failure to prosecute.

### III.    Conclusion

**{¶ 10}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and LEWIS, J., concur.